EWERT v. JONES.

(Circuit Court of Appeals, Eighth Circuit.    September 4, 1916.)

No. 4539.

TRUSTS ☞72—RESULTING TRUST—ESTABLISHMENT—STATUTE OF FRAUDS.

Though an oral agreement to procure a mining lease for a term of 10 years and to convey it to another was unenforceable under the statute of frauds (Rev. Laws Okl. 1910, §§ 941 and 1143, respectively), declaring that an agreement for leasing for a longer period than one year is invalid unless there be some written memorandum subscribed by the party to be charged or his agent, and that no conveyance other than a lease for a period not exceeding one year shall be valid unless reduced to writing and subscribed by the party to be charged, a resulting trust arose under St. 1890, § 4187, now Rev. Laws 1910, § 6660, declaring that, when a transfer of real property is made to one person and the consideration therefor paid by another, a trust is presumed to result where defendant, under an oral agreement to obtain a mining lease for 10 years and to assign it to plaintiff, obtained the lease for which plaintiff paid the consideration as well as a small sum for defendant's services.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 102, 103; Dec. Dig. ☞72.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Paul A. Ewert against A. L. Jones. From the decree for defendant, plaintiff appeals. Reversed and remanded, with directions.

Paul A. Ewert, of Joplin, Mo., for appellant.

A. Scott Thompson, of Miami, Okl., for appellee.

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. This is an appeal from a judgment dismissing the complaint of Ewert upon the facts as stated therein. The action was brought for the purpose of having Ewert adjudged to be the owner of a mining lease executed January 21, 1911, by Grace Sacto Cooper, and the appellee, Jones, that Jones be adjudged to hold said lease as trustee, and that he be directed to transfer and assign the same to Ewert.

The contract between Ewert and Jones upon which Ewert bases his cause of action is stated in the complaint substantially as follows: During the month of December, 1910, Ewert and Jones entered into an oral agreement wherein and whereby for a good and valuable consideration Jones, acting as the agent of and for Ewert, was to procure for him (Ewert) and for his exclusive use and benefit, in the name of Jones, a mining lease from said Grace Sacto Cooper, running for a term of ten years from the date of said lease upon certain lands situated in Ottawa county, Okl., and described as follows:

"S. E. ¼ of the S. W. ¼ and the N. W. ¼ of the S. E. ¼ and the W. ½ of the S. W. ¼ of the S. E. ¼ of section 21, township 29, range 23."

By the terms of said oral agreement it was expressly understood by and between Ewert and Jones that Jones was to procure said min-

ing lease for Ewert as his agent; that the said mining lease was to be taken in the name of Jones for Ewert and for his exclusive use and benefit; that Ewert should be the owner of the lease, and Jones should have no interest therein whatsoever, and would assign the same to Ewert at once upon his request. It was further agreed that Ewert would pay all necessary expenses and costs of procuring said lease and of recording same, together with a reasonable consideration for the services of Jones in procuring said lease, which said services Jones then and there agreed to render for a nominal sum because of the friendly relations and business arrangements then existing between Ewert and Jones; that Ewert thereafter prepared a mining lease, and gave it to Jones with the request that said Jones should under and pursuant to the terms of said oral agreement procure said lease to be signed by said Grace Sacto Cooper; that on the 21st day of January, 1911, Jones did under and pursuant to the terms of the said oral agreement procure from the said Grace Sacto Cooper the said mining lease running for the term of ten years upon the land above described; that Jones caused said lease to be filed for record in the office of the register of deeds in and for the county of Ottawa, aforesaid, on January 30, 1911, and shortly thereafter Jones delivered the same to Ewert, who has ever since had and now has said lease in his possession; that at the time of the delivery of the lease to Ewert there was paid to Jones by Ewert the sum of $12.50, the cost of procuring and recording said lease, together with one dollar for services rendered by Jones for Ewert as his agent in procuring said lease; that during the month of March, 1911, Jones came to the office of Ewert, and, pursuant to the agreement between them, an assignment of the said mining lease was there drawn and prepared for the signature of Jones, but the same was not then and there executed because no notary public could be conveniently found; that during the month of October, 1913, Ewert became aware that Jones was setting up an adverse claim to the lease in question and claimed the ownership thereof; that Ewert then made demand upon Jones that he assign said lease as he had agreed to do. Jones refused so to do, and has ever since refused to assign said lease to Ewert.

The mining lease executed by Grace Sacto Cooper to Jones was in consideration of one dollar, the receipt of which was acknowledged, and a sum of money equal to 5 per cent. of the market value at the place mined or produced of all oil, gas, asphaltum, lead, zinc, and all other minerals or substances whatever which might be mined or removed by said Jones from the land in question. It is claimed by Jones that the lease from Grace Sacto Cooper to him conveyed an interest in the real estate, and, if there was an oral agreement on his part to convey this interest to Ewert, that agreement should have been in writing, and, not being in writing, the agreement is void. The law of Oklahoma makes an agreement for the leasing for a longer period than one year or for the sale of real property or an interest therein invalid, unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or by his agent. Sections 941 and 1143, Revised Statutes of Oklahoma 1910.

It was contended in the court below, and the same contention is made here, that an oral agreement to procure a conveyance of land to oneself, and then to convey to the promisee, is invalid as being within the statute of frauds and must be in writing. Dunphy v. Ryan, 116 U. S. 491, 6 Sup. Ct. 486, 29 L. Ed. 703. The trial court sustained this view and dismissed the complaint of Ewert because the contract between Ewert and Jones was not in writing. Conceding that this view of the case was correct, we do not think it followed that the complaint should be dismissed. The equities of the case are all with Ewert, and the relief prayed for should be granted unless the court is prohibited by sound principles of law from so doing. All allegations of the complaint well pleaded are admitted by the motion to dismiss, and it appears from the complaint that whatever money Jones paid for the lease he paid it for Ewert, and Jones was reimbursed by Ewert for the same. The lease is made an exhibit to the complaint, and it appears therefrom that Jones did pay at least one dollar for the same, and the motion to dismiss admits that $11.50 was paid to Jones by Ewert as the cost of procuring and recording the lease. If the agreement between Ewert and Jones that Jones should assign the lease to Ewert is void by reason of the statute of frauds of Oklahoma, then the case must be considered as if there was no such contract, and we proceed to consider what the rights of the parties would be in the absence of contract.

If the cash consideration for the lease was paid by Jones for Ewert, then Jones would hold the lease in trust for the use and benefit of Ewert. The statute of uses and trusts of Oklahoma provides as follows:

"*Trust Presumed, When.*—When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Section 4187, now Rev. Laws 1910, § 6660.

We think under this statute Jones holds the lease in controversy in trust for Ewert, and that he (Ewert) is entitled to be declared the owner thereof, and to have an assignment of the same by Jones. If it was not for the statute of frauds the delivery of the lease by Jones to Ewert under the circumstances detailed in the complaint would no doubt constitute an equitable assignment thereof. It appears also that Ewert has renewed the lease for the years 1912, 1913, and 1914 and paid the rent and penalty money accruing under the lease.

The decree below should be reversed, and the case remanded, with instructions to the trial court to overrule the motion to dismiss and allow the appellee to answer the complaint if he shall be so advised, and otherwise proceed in the case as equity and justice may require.