EWERT v. JONES.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1919.)

No. 5136.

TRUSTS ⬳44(3)—ESTABLISHMENT—EVIDENCE.

> Before a written lease or deed showing absolute title can be decreed to be a title in trust, parol evidence thereof must be clear, satisfactory, and convincing.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Suit by Paul A. Ewert against A. L. Jones. From a decree for defendant, complainant appeals. Affirmed.

See 236 Fed. 712, 150 C. C. A. 44.

George J. Grayston and Paul A. Ewert, both of Joplin, Mo. (A. W. Thurman, of Joplin, Mo., on the brief), for appellant.

Hiram W. Currey, of Joplin, Mo. (Arthur S. Thompson, of Miami, Okl., on the brief), for appellee.

Before HOOK and STONE, Circuit Judges, and WADE, District Judge.

WADE, District Judge. This case was before this court upon appeal from order upon motion to dismiss. 236 Fed. 712, 150 C. C. A. 44.

The defendant has the legal title to a certain mining lease, which plaintiff claims to own, because, as he alleges, the defendant, as his agent, procured said lease for the plaintiff. Plaintiff claims that he paid to the defendant $12.50, the cost of the lease, and also $1 for the services of the defendant. The allegations of the plaintiff being denied, evidence was introduced, and a decree entered in favor of the defendant, from which plaintiff appeals.

The evidence is in direct conflict; we have read it with care. Nothing could be gained by any attempt to include the substance thereof in this opinion. The lease to defendant is in writing, and it is of record. The plaintiff sought by parol evidence to set aside this written evidence of title. He attempted to prove that what appeared to be an absolute title was in fact a title held in trust.

It is elementary that, before a written lease or deed showing absolute title can be by parol evidence set aside, or decreed to be a title in trust, the evidence must be clear, satisfactory, and convincing. "Parol evidence to establish a resulting trust must be clear, unquestionable, and certain." Higginbotham v. Boggs, 234 Fed. 253, 257, 148 C. C. A. 155, 159. See, also, Price v. Wallace, 242 Fed. 221, 223, 155 C. C. A. 61; Teter v. Viquesney, 179 Fed. 655, 661, 103 C. C. A. 213; Pomeroy's Eq. Jurisprudence, § 1040; 13 Ency. of Evidence,

124, 125. The trial court rightly held that the evidence was insufficient.

· This conclusion renders it unnecessary to consider the other defenses pleaded: (1) That the plaintiff, because of his employment under the Department of Justice, was disqualified from taking the lease; (2) that the plaintiff, because of demands and charges made in certain letters to defendant, does not come into court with clean hands, and therefore cannot recover.

Errors assigned upon exclusion of evidence, and upon refusal of the trial court to hear counsel in argument, are insufficient to warrant a reversal. If the evidence offered had been admitted, the result could not have been different, and after a trial judge has heard the evidence, and is convinced as to his duty in the case, he is under no obligation to listen to an argument by counsel.

The decree of the District Court is affirmed.