NIX v. REYNOLDS et al.

No. 30600. June 29, 1943.

Rehearing Denied Sept. 14, 1943.

*141 P. 2d 86.*

James T. Steil, of Tulsa, for plaintiff in error.

C. R. Thurlwell and C. E. Nichelson, both of Tulsa, for defendants in error.

Eugene Rust and Wilbur J. Holleman, both of Tulsa, amici curiae.

ARNOLD, J. This action was begun in the district court of Tulsa county in June, 1941, by Jeff Nix against Fern Reynolds and W. L. Reynolds to obtain a judgment for the unpaid principal of a "tax bill," together with interest, reasonable attorney's fees, and costs.

The so-called "tax bill" was issued and the assessment to pay same was

levied under and by virtue of the city charter and ordinance of the city of Tulsa, and the plaintiff prayed that his judgment be declared a first and prior lien on the property involved and for foreclosure thereof. No personal judgment was sought.

The undisputed facts are that the city of Tulsa enacted assessing ordinance No. 3445 on December 7, 1928. The proportionate amount of the assessment based upon benefits, together with interest, was levied and made a lien upon the specific property involved in this action, payable in ten equal installments. "Special tax bill No. 55072" was issued on said date in the exact amount of the assessment. The first installment was due February 1, 1929, and subsequent installments fell due February 1st of each succeeding year. The installments for the years 1929 and 1930 were paid. The 1931 installment being delinquent, the owner of the "Special Tax Bill" by letter requested the commissioner of finance and revenue of the city of Tulsa not to receive payment on the delinquent installment. The same request was made each year as to subsequent installments. Upon receipt of the first request to stop collection, said commissioner entered the words "in suit" upon the records relative to "special tax bill No. 55072."

The parties stipulated that all of the conveyances made by which the property became vested in the defendant had been made and performed according to law and the defendant became vested with the fee-simple title to said property. Under their stipulation there is no question as to the validity of any of the deeds in this case.

The record in the case discloses that the property owner thereafter was directed by the commissioner to pay delinquent installments to the holder of the "tax bill" or his attorney, and no further installments were accepted by said commissioner. In 1930 the property sold for delinquent ad valorem taxes for the year 1929; there being no bidders, the property was sold to Tulsa county. Thereafter the taxes for each year were indorsed on the certificate, and in 1938 the property, not having been redeemed, was advertised for resale for all delinquent ad valorem taxes, interest and penalty. There were no bidders at the resale and the property was again sold to Tulsa county. Some time thereafter the purchase was made from the county and commissioner's deed issued by it to the defendants grantor.

The defendants plead and contend in the trial court, as they contend here, that by reason of the provision of the charter and ordinance No. 3445 of the city of Tulsa above designated, the lien for special assessments was inferior to the lien for ad valorem taxes; that, therefore, the tax sale of 1938, even though the delinquent special assessments were not advertised, wiped out such assessments and that they obtained a valid fee-simple title to said property free and clear of the lien for special assessments. Moreover, they contend that if this were not true, the plaintiff was guilty of laches and could not for this reason recover in his action; that also his action was barred by the statute of limitations provided in 11 Okla. St. Ann. § 242, 1939 S. L., art. 6, § 1, such action having been filed more than three years after such bond or tax bill had become due and payable. The trial court sustained all of the contentions of the defendants and entered judgment in their behalf, holding that the resale wiped out the lien for special assessments, that the plaintiff was guilty of laches and barred thereby, and that the statute of limitations in the 1939 act had run, completely barring the claim of plaintiff.

Special tax bill No. 55072 was issued under and by virtue of the authority of amendment 7, section 9, amending section 13, art. 9, of the charter and assessing ordinance No. 3445 of the city of Tulsa.

The assessment and collection of street improvement assessments is a matter of purely municipal concern, and a city charter controls over general law when same is in conflict therewith. (11 O.S. 1941 § 564.) Berry v. McCormick,

91 Okla. 211, 217 P. 392; State v. Linn, 49 Okla. 526, 153 P. 826; M.-K.-T. Ry. Co. v. City of Tulsa, 113 Okla. 21, 238 P. 452.

The state law and charter provisions of the city of Tulsa with reference to special assessments for street improvements differ materially and are in conflict. Under the Tulsa charter the special assessment lien is "superior to all other liens, claims or title except city, county and state taxes," while under the state law a special assessment lien and ad valorem tax lien are coequal. (The Tulsa city charter and the general law differ in various other material respects not pertinent here.) The general rule is that a lien for ad valorem taxes which goes to support the government is superior to a special assessment lien in the absence of plain legislative declaration to the contrary. Franklin Securities Co. v. Clay, 146 Okla. 102, 293 P. 529; Iowa Securities Co. v. Barrett, 210 Iowa, 53, 230 N.W. 528; City of Sanford v. Dial, 104 Fla. 1, 142 So. 233. Since the assessments were made under the city charter and not under the state law, and there exists a conflict between the foregoing charter provision and the provision of the state law, the provision of the city charter above quoted became a part of the tax bills and the state law did not. In view of the general rule above stated, it is generally held that a charter provision like that of Tulsa which makes the special assessment liens superior to all other liens "except the lien for ad valorem taxes" has the effect of making the special assessment lien inferior to the tax lien. It follows that a tax bill issued under the charter of the city of Tulsa constitutes a lien that is inferior to ad valorem tax liens. Franklin Securities Co. v. Clay, supra, and cases therein cited.

The lot in question was sold at the April, 1938, tax resale to Tulsa county. The last installment on the special assessment tax bill became delinquent in February, 1938; all the installments were delinquent at the time the property was sold at resale. The resale statute then in force declared that the deed "shall contain a provision expressly canceling and setting aside all delinquent taxes, penalties, interest and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said lands." Section 12756, O.S. 1931.

The general rule is that a tax deed which creates an independent title from the sovereign, and is not merely derivative, which provides that the deed will have the effect stated in section 12756, supra, extinguishes, by inference, all liens and claims. Western Beverage Co. of Provo, Utah, v. Hanson, 98 Utah, 332, 96 P. 2d 1105; Franklin Securities Co. v. Clay, supra.

This all being true, the purchaser of the commissioner's deed obtained fee-simple title free and clear of plaintiff's lien under the tax bill.

We conclude that the rules of law announced in the case of Blythe v. Pratt et al., 171 Okla. 2, 41 P. 2d 895, are in part in conflict with what we conceive to be the weight of authority and contrary to our views as expressed here and as expressed in Franklin Securities Co. v. Clay, supra. The case of Blythe v. Pratt is, therefore, overruled in so far as such conflict occurs. However, we observe this distinction in the form of the deeds in the two cases, that is, the resale deed and the county commissioners' deed involved in this case do not contain the excepting clause which was included in each of the two corresponding deeds in the Blythe Case, as quoted and emphasized in our opinion in this case.

Judgment affirmed.

CORN, C. J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and RILEY, J., dissent. BAYLESS, J., absent.