KEITH v. LAWSON et al.

No. 31337. Feb. 8, 1944.

Rehearing Denied Feb. 13, 1945.

*155 P. 2d 716.*

Charles A. Chandler, of Muskogee, and G. W. P. Brown, of Chicago, Ill., for plaintiff in error.

Bruce & Rowan, of Oklahoma City, Amos T. Hall, of Tulsa, and John H. Hibbler, of Little Rock, Ark., for defendants in error.

WELCH, J. For many years prior to his death on March 12, 1941, one Fred H. Rubel was the equitable owner of the real estate involved herein situated in Tulsa county, Okla. Legal title, for reasons immaterial here, had been held on various occasions in the name of various persons plaintiffs herein. On March 5, 1941, title was held in the name of the plaintiff Emma Lawson, and on said date Rubel procured her to execute a deed to the defendant, T. H. Keith, which was duly recorded on March 7, 1941.

The petition in this cause alleged the above facts and in addition thereto alleged that the several plaintiffs were the owners of the real estate by inheritance as heirs of the deceased Rubel.

The purpose of this suit was to cancel the deed from plaintiff Emma Lawson to defendant Keith, upon the theory that it had been executed only for the purpose of enabling Keith to procure certain funds for the use of the owner, Rubel; that such object was not accomplished, Rubel having died shortly thereafter.

The defendant denied generally; denied that plaintiffs were the heirs of the deceased Rubel, and denied that the deed was given for the purposes alleged, but contended that same was intended by Rubel as a gift and as an absolute conveyance to him, the defendant Keith, in consideration of alleged past kindnesses and friendship.

The cause was fully tried to the court. After consideration of evidence adduced by plaintiffs and defendant, the court found the issues in favor of plaintiffs and against the defendant, and found further that defendant has no right, title, or interest in the property and that plaintiffs are entitled to the relief prayed.

The trial court gave plaintiffs judgment against the defendant "quieting the title in the plaintiffs as their interest may appear by final decree of distribution of the probate court having jurisdiction of the estate of Fred H. Rubel, deceased, . . . and that the deed executed by Emma Lawson to T. H. Keith . . . be and the same is hereby canceled. . . ."

The record further shows that this cause was filed on May 16, 1941, and within three years from the date of Rubel's death. On September 20, 1941, the county court of Tulsa county appointed an administrator for the estate

of Fred H. Rubel, deceased, and the administration was pending at the time of trial herein, no determination of heirship having been had therein.

Upon this appeal Keith first urges that the district court was without jurisdiction in the cause. His theory is that plaintiffs' right to maintain the action is based upon allegations of heirship and inheritance; that they must establish their title in that respect in order to maintain the action regardless of the weakness of defendant's title; that the district court cannot determine heirship by reason of the fact that exclusive jurisdiction to determine heirship under the facts here is vested in the county court.

We do not agree with defendant's theory that the only right of recovery shown is dependent upon heirship. The petition and proof shows that at least one of the plaintiffs held the legal title in trust for Rubel immediately prior to the execution of the questioned deed, and would continue to hold same if the deed is inffective. The judgment of the trial court makes no effort to determine the heirship of Rubel or to finally fix the equitable title in these plaintiffs or either of them, or to distribute any part of the Rubel estate. The effect of the judgment is to fix the legal title in plaintiffs in trust for the benefit of the true owners and heirs of the deceased Rubel, as may hereafter be determined by proper authority. Therein we see no interference or impediment to the full and complete exercise of the jurisdiction of the county court in the performance of its duties in determining heirship within the sphere and meaning of its probate jurisdiction, nor will the judgment conflict with the due course of administration.

The applicable rule is stated in Smith v. Reneau, 188 Okla. 629, 112 P. 2d 160, as follows:

"In this state the plaintiff in an action to quiet title is not required to have the legal title, or a title paramount to the title of all others, in order to enable him to recover. It is only necessary that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. Actions of this class are equitable in their nature, and the rights of the parties must be governed by the rules pertaining to suits in equity."

The pleadings and evidence permit no dispute that plaintiff Emma Lawson is the holder of the legal title if same was not conveyed to defendant Keith by her deed to him. We think under the evidence here that is sufficient showing of title superior to the defendant under the above rule.

Whether the judgment was formally correct in appearing to place title in all of plaintiffs in trust for the heirs of Rubel would not operate to the prejudice of defendant Keith.

The defendant next urges that the judgment is contrary to law because the trial court failed to dispose of all the issues. He insists that there was an issue as to whether plaintiffs were heirs of Rubel. It is true that plaintiffs claimed to be such heirs in their pleadings and that such claims were controverted by answer and proof. Such claims, however, were important in this case only as concerns their title and right to maintain the action, and as concerns their right to recover. We have already shown that this record reflects the right of at least one of plaintiffs to maintain the action and recover as against the defendant, by virtue of legal title superior to defendant's claim of title, therefore it was unnecessary for the trial court to determine or attempt to determine their claims as heirs of Rubel. The defendant will not be heard to complain of the failure of the court to determine issues which he urges the court had no jurisdiction to determine unless such determination was necessary to support the judgment. It is not so necessary here.

Defendant next urges that the evidence is insufficient to establish that plaintiffs were heirs of deceased Rubel.

Our conclusion that the recovery here was that of legal title only in trust for the heirs of Rubel, and that the judgment in that connection is supported by the evidence, dispenses with any need for consideration of that question.

Defendant further asserts that the findings and conclusions with respect to the purpose for which the deed to defendant Keith was executed, and the failure of such purpose or consideration, are not supported by the evidence, and further that incompetent evidence was received by the trial court in that regard.

The applicable rule is stated in the first paragraph of the syllabus of Clayton v. Speakman, 182 Okla. 86, 76 P. 2d 376, as follows:

"In a case of purely equitable cognizance, this court will examine the entire record and weigh the evidence, but unless the judgment is against the clear weight of the evidence the judgment of the trial court will not be disturbed."

Under such rule we have examined this record. We think there is sufficient competent evidence to sustain the trial court under the announced rule, and therefore find no reversible error in that regard.

A tender of repayment of certain taxes paid by defendant was made at the trial. That tender is renewed here. The judgment should make suitable provision for reimbursement of defendant in that respect. In all other respects the judgment is affirmed.

Cause remanded, with instructions to require repayment to defendant of taxes paid by him.