REED et al. v. JONES.

No. 31943. Jan. 22, 1946.

Rehearing Denied Feb. 12, 1946.

*165 P. 2d 978.*

Geo. W. Reed, Jr., of Tulsa, for plaintiffs in error.

John W. McCune, of Tulsa, for defendant in error.

WELCH, J. This is an action by Jones to quiet title to real estate.

Plaintiff alleged that she was the owner of the property by virtue of her purchase of same at resale held in 1941 and deed issued in pursuance thereof; that defendant Hutchman claimed some interest, or a lien thereon, because of the fact that he was the holder of a certain paving tax bill issued in 1928 under ordinance No. 3403 of the city of Tulsa, under the charter provisions of said city. That the last installment under said tax bill became due and delinquent in 1938. She sought cancellation of the special tax bill. Defendant Hutchman denied generally and alleged that the land had been sold at resale for ad valorem taxes only, and asserted that his tax bill remained a lien on the property. He asserted other grounds of defense and by counterclaim sought foreclosure of his tax bill.

The stipulations and the evidence are in conformity with the above pleadings: that the installments due under the tax bill became delinquent in 1934, and no installment was certified to the county treasurer for collection and no request for such certification was made until 1944, several years after the resale. Some objection was taken to some of the evidence as not being the best evidence, but such objections are not brought here in the assignments of error.

The trial court rendered judgmen' in favor of plaintiff, and defendan' Hutchman for reversal asserts:

"(A) The special tax bill involved herein constitutes a tax on real estate and was not barred by limitations. (B) Said special tax bill was also in the nature of a counterclaim and not barred by limitations. (C) The plaintiff had been unjustly enriched by the addition of this improvement to the property without paying the same, and (D) The charter of Tulsa should be construed to hold the lien of special tax bills coequal with other state and county taxes and Nix v. Reynolds should be overruled."

Our decision does not consider limitations and therefore neither (A) nor (B) above need detain us.

As to item (C) above we need only say that if the lien is canceled by the provisions of the statutory law, we are not at liberty to further consider the matter.

Under (D) the defendant tacitly assumes that the opinion in Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86, is controlling herein and devotes himself largely to the task of pointing out reasons why the same should be overruled, but we are not convinced thereby.

The Nix Case, supra, is to the effect that a resale of land for ad valorem taxes, though special assessments of the present nature levied under the charter of the city of Tulsa are not included in the resale, cancels such special assessments and the lien thereof. We apply such rule herein.

The special tax lien represented by defendant's tax bill having been canceled by the resale, the trial court did not err in declaring same canceled and quieting plaintiff's title.

Affirmed.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C. J., dissents.