## NEFF v. CALK.

No. 31067. Feb. 12, 1946.

*166 P. 2d 103.*

Lewis E. Neff and C. E. Nichelson, both of Tulsa, for plaintiff in error.

Martin & Spradling, of Tulsa, for defendant in error.

BAYLESS, J. This appeal from the district court of Tulsa county involves issues arising from an effort of L. B. Neff to quiet title to property and the effort of B. B. Calk to sustain a lien claim thereagainst arising upon street improvement warrants issued by the city of Tulsa. Calk was successful and Neff appealed.

No attack is made upon the title of Neff which is based upon a deed from the county commissioners of Tulsa county, the county's title being based upon a resale deed. Also no issue is made on the regularity or validity of the street improvement warrants based upon the proceedings whereunder they were issued. Neff's attack thereon is directed at the right to maintain an action to enforce them.

Neff presents a number of issues of law involving the correctness of the judgment entered, but since our disposal of one results in a reversal of the judgment, there is no occasion to notice any other ground of error.

The primary issue between the parties relates to the status of the lien supporting the delinquent installments on the street improvement special assessment warrants after the resale of 1938 on which Neff's title is based. The record sustains the trial court's finding that the first installment on these warrants was paid, that installments 2 to 8, inclusive, were delinquent at the time of the resale, and installments 9 and 10 were not then due. However, at the trial of the action these two installments had fallen due and were delinquent and are involved in the judgment rendered in favor of Calk.

The decisions of this court in the cases of Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86, and Reed v. Jones, 196 Okla. 461, 165 P. 2d 978, dispose of this issue in Neff's favor. Those decisions announce the rule that the lien of the delinquent special assessment, issued under authority of the charter of the city of Tulsa, is extinguished by a resale for ad valorem taxes only. Therefore, installments 2 to 8, inclusive, on each of these warrants were extinguished by the resale in 1938, irrespective of the fact that they may or may not have been certified to the county treasurer by the city treasurer, and irrespective of whether they were included in the resale advertisement. In this connection we have noted that Neff undertook to prove that the owners of the warrants involved took the first step of the option allowed them under the city charter to withdraw the collection of the delinquent installments from the county treasurer and to exercise the right of foreclosing the delinquent installments by judicial proceedings, for the purpose of establishing the plea of laches, but the trial court refused to admit such evidence. Therefore, insofar as this record is concerned, Calk is in the position of neither having availed himself of the right to have these delinquent installments certified to the county treasurer for collection or of having instituted action for the purpose of foreclosing the lien prior to the resale for the purpose of obtaining whatever benefit or protection such steps would have procured in the event of a resale.

The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.

HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, C.J., concurs under rule of stare decisis.