HUTCHMAN v. CASS.

No. 32190. Dec. 17, 1946.

*175 P. 2d 332.*

Geo. W. Reed, Jr., of Tulsa, for plaintiff in error.

John W. McCune, of Tulsa, for defendant in error.

OSBORN, J. This is an action brought by Early R. Cass, holder of a resale tax title, to quiet title to lots in the city of Tulsa, against defendants, Hutchman and others, holders of certain delinquent paving tax bills issued in 1928, under ordinance No. 3402 of the city of Tulsa, under the charter provisions of said city, and for the cancellation of said tax bills. Defendant, Hutchman, in his answer and cross-petition, alleged that said tax bills were valid and perpetual liens against the property, and sought foreclosure. From a judgment for plaintiff, Hutchman appeals.

Briefly, the facts are that the property involved herein was sold at the annual resale in May, 1939, to Tulsa county for delinquent ad valorem taxes theretofore accrued against the property, and plaintiff became the owner of the property involved herein by county commissioners' deed and by mense conveyance thereunder; that the paving tax bills were issued July 31, 1928, in 10 equal annual installments, and that the last installment thereof became delinquent on February 1, 1938; that said installments had not theretofore been certified to the county treasurer, said lack of action being due to a specific request of the owner and holder of the tax bills; that on September 11, 1944, plaintiff in error, as the owner of said tax bills, requested the commissioner of finance and revenue to certify said tax

bills to the treasurer of Tulsa county, and same were so certified on September 12, 1944.

Since the facts, with one or two immaterial exceptions, are identical with those in Reed v. Jones, 196 Okla. 461, 165 P. 2d 978, and the same contentions are made as were urged in that case, the decision in that case is controlling upon every question presented in the instant case. In that case, under a similar ordinance enacted under identical charter provisions of the city of Tulsa, we held that the purchaser at resale was entitled to judgment canceling the lien of the tax bills. The judgment of the trial court in the instant case conforms to the decision in the cited case.

Affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.