HUTCHMAN et al. v. TATE.

No. 32259. Dec. 23, 1946.

*175 P. 2d 980.*

Geo. W. Reed, Jr., of Tulsa, for plaintiff in error.

B. C. Franklin, of Tulsa, for defendant in error.

WELCH, J. In this case the plaintiff, W. J. Tate, obtained a judgment quieting title to real estate against Ralph J. Hutchman and others, and defendant Hutchman appeals.

Plaintiff deraigned his title and there appears in the chain of title a county **deed of property** acquired at resale, which deed was executed in January, 1939. The sufficiency of the county deed was unchallenged except for an objection by defendant on the ground that the tax sale was for ad valorem taxes only, and did not include certain special assessments for street improvement. Plaintiff's claim of ownership and right to quiet title was unchallenged except by defendant's claim of lien upon the property by virtue of ownership of special tax bill No. 59441, **street improvement** district No. 977, issued by the city of Tulsa, against the property, under the charter provision of the city. The assessments under the tax bill were made payable in annual installments due on December 1st of each year, as per installment coupons attached. The last installment, coupon No. 10, became due on December 1, 1939.

The several assignments of error by defendant are all predicated on the proposition that the lien created by the special tax bill was co-equal with the lien for the ad **valorem taxes and could** not be extinguished by a resale for ad valorem taxes.

Under decisions of this court the proposition cannot be sustained. Nix v. Reynolds et al., 193 Okla. 15, 141 P. 2d 86; Reed et al. v. Jones, 196 Okla. 461, 165 P. 2d 978.

The rules applicable herein, as announced in the first and second paragraphs of the syllabus of the Reed v. Jones Case, supra, are as follows:

"A lien created by the levy of a special tax under a city charter and assessment ordinance providing that the lien thereby created shall be superior to all liens except city, county, and state liens is inferior and subject to the lien of the state for ad valorem taxes; and where the real estate upon which the special tax lien attaches is sold at resale for delinquent ad valorem taxes a purchaser at such sale takes title superior and paramount to such part of the special assessment lien as is theretofore due and delinquent.

"Where a tax lien created by a special assessment has been canceled by a tax resale, the owner of the land is entitled to have his title quieted as against the holder of the tax bill for the payment of which such special assessment was levied, and to have a judicial determination of such cancellation."

As said in Nix v. Reynolds et al., supra:

" . . . Where the property upon which the lien for such improvements attaches is sold to the county for delinquent ad valorem taxes, a purchaser from the county, after resale to it, takes title superior and paramount to the lien created by the tax bill."

The trial court did not err in declaring canceled such parts of the special assessment lien as was due and delinquent at the time of the delivery of the county deed.

We note the county deed was executed in January, 1939, and after the due date of all installments in the special tax bill, except installment coupon No. 10, the final installment, which became due December 1, 1939.

The plaintiff is entitled to judgment quieting his title except for the assessment as shown in coupon No. 10, and the judgment should be modified to show this exception.

The judgment of the trial court quieting title in plaintiff is so modified and as modified is affirmed.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur, GIBSON, C. J., dissents.