## HUTCHMAN v. HENSHAW.

No. 32149. Feb. 11, 1947.

*177 P. 2d 112.*

George W. Reed, Jr., of Tulsa, for plaintiff in error.

Joy G. Clayton, of Tulsa, for defendant in error.

ARNOLD, J. Suit by R. F. Henshaw against Ralph J. Hutchman to quiet title to a city lot in Tulsa, Okla. Judgment for plaintiff. There were other nominal defendants, but defendant, R. J. Hutchman, alone appeals.

This was a suit to quiet title based on a tax resale deed covering lot 6 in block 7, Berry-Hart's Re-subdivision of Blocks 7 and 10, Roosevelt addition to the city of Tulsa, Oklahoma. Plaintiff's title was based on a tax resale deed executed by the county treasurer on May 13, 1940, and duly recorded. For his cause of action plaintiff alleged that in 1930 the city of Tulsa passed ordinance No. 3790, by which special improvement district No. 1047 was created, and levied special assessments against the property situated therein, including the property of plaintiff above described. That pursuant to said ordinance the said city issued special assessment tax bill No. 62373, which purported to be a lien against plaintiff's property, but that in truth and in fact said purported lien was canceled by the resale for delinquent taxes in 1940. He prayed for cancellation of this lien as a cloud on his title.

Defendant answered by general denial and specifically denied that his special assessment lien under ordinance No. 3790 and the special assessment tax bill No. 62393 were canceled by the sale and resale for delinquent ad valorem taxes. By cross-petition he pleaded his special assessment lien and prayed that it be foreclosed.

The parties are herein referred to by their trial court designations.

Defendant's first ground for reversal of the judgment is alleged error of the trial court in overruling his motion to dismiss plaintiff's cause of action for the reason that plaintiff was not the real party in interest. This question arose upon the cross-examination of plaintiff. He testified that one H. G. Jenkins had an interest in this property; that they were partners; that they have a number of properties together, some in plaintiff's name and some in the name of Jenkins; that sometimes one pays the taxes and sometimes the other. He said he didn't know which one paid the taxes in this instance. There was no proof that this or any other property was purchased in the name of the partnership, nor that there was even a partnership name in which title to the property could be taken. We think there was no reversible error in overruling defendant's motion to dismiss. Smith v. Reneau, 188 Okla. 629, 112 P. 2d 160; Keith v. Lawson, 195 Okla. 157, 155 P. 2d 716.

Defendant's other grounds for reversal are identical with those asserted by him as appellant in the case of Reed et al. v. Jones, 196 Okla. 461, 165 P. 2d 978, and there ruled on adversely to his contentions. There, as here, all installments of the special assessment were past due at time of resale. It is not deemed necessary to restate his contentions here nor to further extend their discussion as therein contained. This court has also rejected as unsound the same theories as now advanced by defendant by its decision in Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur. GIBSON, J., dissents.