HOLLIS v. HOLLIS.

No. 32305. Oct. 1, 1946.

*172 P. 2d 999.*

T. G. Wiley, of Oklahoma City, for plaintiff in error.

Shutler & Shutler, of Kingfisher, for defendant in error.

RILEY, J. This is an appeal from a judgment sustaining a demurrer to the evidence of plaintiff in error, who had been defendant below in a divorce action. Plaintiff in error petitioned to vacate a decree approving a property settlement.

The parties were married December 31, 1931. Plaintiff in error then owned two cows, and 20 acres of land in Arkansas subject to a mortgage for $750. Defendant in error owned mules and horses, machinery, and 160 acres of land in Kingfisher county, Okla., subject to a mortgage of $1,600. Ten days prior to the marriage, the parties entered into an antenuptial contract which provided:

"All property now owned by the parties hereto shall after such marriage be owned equally, share and share

alike . . . in case of death of either . . . the survivor shall have the right to remain in possession of the home place until his or her death".

Apparently the "home place" mentioned in the contract meant the 160 acres of land owned by the defendant in error.

After the marriage the parties moved to the farm in Kingfisher county and lived there as husband and wife for 13 years. By their joint efforts, they accumulated considerable personal property, including 39 head of cattle, farm machinery, and about $5,800 in money.

Dissensions arose concerning their financial affairs. On March 23, 1944, defendant in error, as plaintiff, commenced an action for a divorce and a division of the property.

Two days after the summons was served upon the defendant, plaintiff and defendant entered into an agreement for a division of their property. Defendant was not represented by counsel. The agreement provided:

"That the defendant shall vacate the premises of the plaintiff, except for the purpose of coming thereon to harvest crops or look after stock . . . the parties will no longer live together as husband and wife. . . . each of the parties hereto waive and disclaim any interest of any kind or nature in and to the real property owned by the parties or either of them and that the court shall, if it sees fit to grant a divorce, so find and decree . . . the pre-marriage contract heretofore entered into . . . is hereby cancelled. . . . by the parties, and it is agreed that the court in case of granting a divorce in said action shall set the said contract aside . . . this property agreement is made between the parties without taking into consideration the said pre-marriage contract. . . ."

Defendant filed his answer, signed by himself, which he now asserts was drawn by plaintiff's attorney. Therein he denied all the allegations of the petition and further alleged:

"That plaintiff and defendant to this action have entered into a property stipulation and settlement, wherein they have made a division of all their property, subject, however, to the approval of the court, and the defendant requests that in case the court sees fit to grant the plaintiff a divorce on her petition filed herein, that the court confirm and approve said property settlement and stipulation."

The divorce action came on for trial April 7, 1944; plaintiff appeared in person and by her attorney, R. H. Shutler, defendant appearing in person but without counsel. The court heard the evidence and a statement by defendant, and entered a decree granting the plaintiff a divorce and approving and adopting in full the property settlement agreement, and specifically avoiding the pre-nuptial contract by reason of the consent of the parties.

On August 26, 1944, defendant Louis A. Hollis petitioned to vacate the decree insofar as it related to the property settlement agreement and vacation of the pre-nuptial contract. He alleged:

" . . . The plaintiff and defendant herein met in the office of R. F. Shutler, plaintiff's attorney, in Kingfisher, Oklahoma; the plaintiff being present and represented by her said attorney, and the defendant being present in person, but having no one to represent or advise him. That the parties . . . proceeded to agree upon a division of the personal property, . . . the defendant requested an equal division of the real estate, as per the pre-marriage agreement above set out, . . . thereupon, the attorney for plaintiff, R. F. Shutler, told this defendant that the pre-marriage agreement was void, of no force and effect, and that defendant could not hope to establish any interest in said real estate, and proceeded to read to defendant excerpts from the Statute or some other book, by way of convincing the defendant that said pre-marriage agreement was in fact without force and effect and void, and the defendant being a man of seventy years of age, nervous and distraught, and wholly without knowledge of the law, and believing and relying upon the statements and representations of said attorney, was by said attorney and the plaintiff, induced to

and did sign the stipulation of property settlement and division of property, prepared by plaintiff's attorney R. F. Shutler . . .

. . . Relying upon the statements and representations of plaintiff's attorney as aforesaid, and believing them to be true, this defendant did sign the stipulation of property settlement, which among other things, waives his right, title and interest in the real estate above mentioned, under and by virtue of the terms of the pre-marriage agreement between the parties hereto, which defendant states that he would not have done had he not been misled and deceived by the plaintiff and her attorney R. F. Shutler."

Plaintiff answered by general denial, admitted that the parties signed the property settlement, that the decree was entered by the court granting plaintiff a divorce and division of property. Plaintiff specifically denied that any misrepresentations were made to defendant to induce him to enter into the property settlement.

Trial on the petition to vacate was to the court. At the close of defendant's evidence plaintiff demurred; the demurrer was sustained; defendant moved for new trial and was overruled. This appeal is from the order sustaining the demurrer and the order overruling the motion for new trial.

This is an action of equitable cognizance. In such cases a demurrer to plaintiff's evidence is not proper, but when offered, should be considered as a motion for judgment for defendant. Davis v. Wallace, 169 Okla. 497, 37 P. 2d 602; Penny v. Vose, 108 Okla. 103, 234 P. 601, citing Bailey v. Privett, 64 Okla. 156, 166 P. 150.

The distinction is that in ruling upon a demurrer to plaintiff's evidence in action at law, the court cannot weigh conflicting evidence. All the evidence favorable to the plaintiff is considered true and all evidence favorable to defendant is considered as withdrawn; while in an action in equity, in considering defendant's motion for judgment, presented at the close of plaintiff's evidence, a weighing of evidence is required. Penny v. Vose, supra; Connelly v. Gaffaney, 159 Okla. 60, 14 P. 2d 391. In either case, where there is evidence reasonably tending to support plaintiff's claim and there is no conflict in the evidence, it is error to sustain the demurrer or motion, as the case may be.

If in an action of equitable cognizance a demurrer to plaintiff's evidence is to be treated as a motion for judgment for defendant on the evidence before the court, it would logically follow that an order of the court sustaining the demurrer to the evidence should be treated as a final judgment or decree.

Herein, there is uncontradicted evidence that plaintiff's counsel, after they had agreed upon a division of their personal property, when the question of defendant's right to a division of the real property, based upon the antenuptial contract, arose, informed defendant that notwithstanding said antenuptial contract, defendant had no share in the real property in question. The attorney then read from a law book to defendant. He claimed the statement to be the law. The gist of the attorney's statement was that a pre-marriage contract is not binding upon a woman.

The defendant was a man of advanced age with little knowledge of the law; the representations made by plaintiff's attorney induced defendant to execute the agreement. Thereby he agreed to take no part of the land owned by plaintiff and that the court might set aside and vacate the antenuptial contract. But for these representations he would not have assented. He told the court at the divorce hearing that he was satisfied with the property settlement but explained that was because he had been advised by plaintiff's attorney that he did not have a valid contract.

There was ample, uncontradicted evidence sufficient to support plaintiff in error's petition to vacate except failure of proof that he suffered detriment by

entering into the property settlement. He failed so to do. It is entirely possible that defendant received a fair division of the property. At the time of the marriage, plaintiff was the owner of 160 acres of land in Kingfisher county, subject to a $1,600 mortgage; defendant was the owner of 20 acres of land in Arkansas, subject to a mortgage of $750. The record discloses that at the time the divorce decree was entered, plaintiff's land was still subject to the $1,600 mortgage. But defendant, from joint earnings, paid the mortgage against the 20 acres of land in Arkansas. That gave rise to the dissensions. Plaintiff insisted upon paying the mortgage against the 160 acres of land in Kingfisher county from joint savings, but defendant objected and, instead, withdrew $3,750 from their joint account, bought U.S. Bonds made payable to himself, and prevented plaintiff from paying the $1,600 mortgage. The 20 acres of land in Arkansas, free of the $750 mortgage, may be worth as much as the 160 acres of land in Kingfisher county, subject to the $1,600 mortgage. There is no evidence and no proof as to the value of either of the tracts of land. Likewise, there is no proof of the value of the personal property awarded to plaintiff in the settlement and decree of the court. While plaintiff alleged that the land in Kingfisher county was worth many times that of all other property, in this, his proof wholly failed, so it does not appear that defendant was prejudiced by any of the representations made by plaintiff's counsel or by the decree dividing the property.

"It is a fundamental principle of law that, with the exception of special cases recognized only in some jurisdictions, in order to secure relief on the basis of fraud, either at law or in equity, the person seeking redress must have been damaged, injured, or harmed as a result of the asserted fraud, or, as the principle is often formulated, he must thereby have been misled to his hurt." 23 Am. Jur. 985-986, and cases cited thereunder; Howe v. Martin, 23 Okla. 561, 102 P. 128; Guthrie & W. R.

Co. v. Rhodes, 19 Okla. 21, 91 P. 1119.

"Fraud without damage or injury is not remediable . . .". 37 C.J.S. 288, and cases cited thereunder; Deskins v. Fidelity Nat. Bk. of Oklahoma City, 183 Okla. 119, 80 P. 2d 265.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.