**Orville Dean BRIDGES, Appellee,**

v.

**Flora Ruth BRIDGES, Appellant.**

No. 47576.

Supreme Court of Oklahoma.

Dec. 23, 1975.

Jack Bliss, Tahlequah, for appellee.

Houston & Klein, Inc. by Donald E. Herrold, Tulsa, for appellant.

HODGES, Vice Chief Justice.

This is an appeal from an order of the district court which sustained a demurrer to the evidence. Appellant (wife) filed a motion to set aside certain provisions of a decree of divorce. The question before us is limited to the property division provision of the decree.

The wife alleges that the appellee (husband) by fraudulent misrepresentations induced her to sign a waiver of service of summons and thereafter the decree of divorce was entered without her knowledge. She does not object to the granting of the divorce.

It is urged that the trial court erred in sustaining husband's demurrer to the evidence at the hearing on the wife's motion to modify the divorce decree. The wife asserts that the trial court in passing on a demurrer to the evidence must consider as true all evidence favorable to the non-moving party, all reasonable inferences to be drawn from that evidence, and disregard all conflicting evidence favorable to the demurrant. We do not agree.

■ This is an action of equitable cognizance. In such cases a demurrer to the plaintiff's evidence is not proper, but when offered should be considered as a motion for judgement for the defendant. The distinction is in ruling upon a demurrer to plaintiff's evidence in an action at law, the court cannot weigh conflicting evidence. All the evidence favorable to the plaintiff is considered true and all evidence favorable to the defendant is withdrawn. But in an action in equity, such as present case, the trial court in considering defendant's motion for judgment should weigh and consider all the evidence submitted, that which is favorable to the plaintiff and to the defendant. *Hollis v. Hollis,* 197 Okl. 524, 172 P.2d 999 (1946); *McNair v. City of Oklahoma City,* 490 P. 2d 1364 (Okl.1971).

■ The appellant does not attack the factum of the granting of the divorce. We have carefully searched the record and are unable to determine that she was injured in any way by the entry of the divorce and property settlement. In fact, the husband paid more child support than the court had ordered. The parties had always suffered from financial difficulties. Appellant was given the home, subject to the mortgage indebtedness, all household furniture and fixtures and a car. The appellee was given the Robo car wash which had an indebtedness. Appellant testified she would "not necessarily" like to have it. Insofar as other property was concerned she testified that "they used to have some trailers" but "there had to be something owed on them." The chief complaint seems to be that the decree made no provision for payments of debts of the parties. However, the decree provides that she is to pay the mortgage indebtedness on the home and that the husband is to assume all indebtedness on all real and personal property in his possession. Although the decree is perhaps ambiguous and unclearly drawn, we do not feel it fraudulently damaged the appellant or that undue and unconscientious advantage was taken of appellee.

■ In order to secure relief on the basis of fraud, the person seeking redress must have been damaged. Fraud, without injury, is not actionable at law or in equity. *Hollis v. Hollis,* 197 Okl. 524, 172 P.2d 999 (1946). See also *S.E.C. v. Capital Gains Research Bureau,* 375 U.S. 180, 194, 84 S.Ct. 275, 11 L.Ed.2d 237, 247 (1965).

We find the trial court properly weighed the evidence and correctly entered judgment for the appellee.

Affirmed.

All Justices concur.