**In the Matter of the ESTATE of R. W. WILDER, a/k/a Ray W. Wilder, Deceased.**

**No. 48821.**

Supreme Court of Oklahoma.

Sept. 14, 1976.

Curtis & McCue, Fairview, for appellee.

E. W. Keller, Oklahoma City, John W. Donley, Weatherford, for appellants.

DOOLIN, Justice.

The following handwritten will was found in the billfold of deceased:

"4-21-75: I will all my estate and bank accounts and savings and Certificates of Deposit to Esther Penner, 413 West Main Street, Wetheford (sic), Oklahoma 73096.

Ray W. Wilder."

The attempt by Esther Penner, beneficiary under this will to admit it to probate as a valid holographic will is the subject of this interlocutory appeal.

The handwritten will superseded a prior formal will in which deceased left his estate to Pleasant Hill Cemetery, Capper Foundation and the Watchtower Bible Society of Pennsylvania. These organizations, the contestants herein, filed their objections to the holographic will claiming it did not meet the statutory requirements for a holographic will, there was no testamentary intent on the part of the deceased and further if he did execute said will, he was motivated by undue influence.

At trial proponent introduced the holographic will and testified she had known deceased well for the past seven years and was familiar with his handwriting and signature. She introduced numerous examples for comparison including checks, records of certificates of deposit and certain correspondence, stating unequivocally that the writing in the will was that of deceased. She was the only witness to testify in her behalf.

At the close of proponent's evidence, contestants demurred to her evidence on the grounds she had not proved the handwriting to be that of deceased. The trial court sustained the demurrers based on absence of expert testimony as to the genuineness of deceased's handwriting, because there was no indication in the will that the 1968 will had been revoked and because no one saw testator write the will. Trial court denied proponent's request to reopen and to allow her to present expert testimony on the question of the authenticity of the handwriting. Her motions for new trial and to reconsider were also denied.. She now appeals to this court.

Our statutes specify the elements necessary for a valid holographic will. 84 O.S. 1971 § 54 provides:

"A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this State, and need not be witnessed."

58 O.S.1971 § 31 further states:

"An olographic will may be proved in the same manner that other private writings are proved."

A showing that a holographic will is in the handwriting of deceased, dated and signed creates a prima facie case for admittance of the will to probate.[1] This will is in proper holographic form, handwritten, dated and signed. Proof of the genuineness of the writing or signature may be made by a comparison with other acknowledged writings of the same person.[2] It is generally held that anyone

1. *In re Woodruff's Estate*, 379 P.2d 692 (Okla.1963).

2. *Burns v. State*, 72 Okl.Cr. 409, 117 P.2d 144 (1941).

familiar with the handwriting of a given person may supply authenticating testimony in the form of an opinion that a writing is in the handwriting of that person. If the writing is then questioned a more scientific approach of testimony by a handwriting expert may be necessitated on rebuttal.[3] The proponent of the holographic will, having made the preliminary proof of execution in accordance with statutory requirements, the burden is then upon the contestants to prove matters set forth in the objections filed.[4] There is no requirement in this state as to the number of witnesses necessary to testify to the authenticity of handwriting. Neither is there any law as to necessity of testimony by a handwriting expert.

■ Probate proceedings are special statutory proceedings equitable in nature,[5] and if equitable a demurrer to evidence should be treated as motion for judgment. The trial court must weigh evidence of both parties if any. Here there was none offered by contestants. The trial court may not disregard positive and uncontradicted evidence.[6]

No objections were voiced by contestants to proponent's qualifications or competency to testify as to the genuineness of deceased's handwriting. In examining the comparison writings introduced by proponent, without protest by contestants, the handwriting does not appear to be different from that in the will.

■■ Trial court's reliance on the fact that "no one saw testator make our handwritten will" is error. By statute a holo-graphic will requires no witness.[7] Trial court also stated in sustaining contestants' demurrer "there is no complete scientific showing that this instrument is his will. It doesn't have any indication of revoking the will of 1968," 84 O.S.1971 § 105 provides that a prior will is revoked by a subsequent will if the latter contains provisions wholly inconsistent with the terms of the former will. It is not essential for the will to revoke the 1968 will specifically. Neither of these statements by the court is sufficient reason to sustain a demurrer to proponent's evidence. The trial court erred in requiring these facts as elements of proponent's prima facie case.

■ The proponent having presented a prima facie case, the burden shifts to the contestants to produce evidence to disprove or impeach her testimony. If contestants do this then it will be incumbent upon proponent to produce rebuttal evidence which might include testimony of a handwriting expert. In this case the court heard only proponent's unequivocal and uncontroverted evidence of conformity with the statutory requirements of a holographic will. Uncontested, this evidence is adequate to withstand contestants' demurrer to proponent's evidence. If trial court's sustaining of demurrer to evidence is clearly against the weight thereof the Supreme Court must reverse. *Sellers v. Sellers,* supra.

REVERSED AND REMANDED with directions to overrule contestants' demurrer to proponent's evidence.

All the Justices concur.

---

3. McCormick, "Handbook of the Law of Evidence." p. 547 § 221 (2nd ed. 1972). Also see 29 Am.Jur.2d Evidence § 806 (1967).

4. *McElhinny v. Trinkle,* 91 Okl. 259, 217 P. 179 (1911); *Foote v. Carter,* 357 P.2d 1000 (Okla.1960).

5. *Caesar v. Burgess,* 103 F.2d 503 (10th Cir. 1939).

6. *Sellers v. Sellers,* 428 P.2d 230 (Okla.1967); *Bridges v. Bridges,* 544 P.2d 493 (Okla.1975); c. f. *In re Felgar's Estate,* 207 Okl. 310, 249 P.2d 455 (1952).

7. Also see *Day v. Williams,* 184 Okl. 117, 85 P.2d 306 (1938).