## STRACK v. ROETZEL.

No. 4063.   Opinion Filed April 13, 1915.

Rehearing Denied June 1, 1915.

(148 Pac. 1017.)

**SPECIFIC PERFORMANCE — Contracts — Uncertainty—Maturity of Notes.** It is a well-settled principle that specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain. In the instant case the notes mortgages, for $4,000 and $2,000, respectively, were to be executed on March 2, 1911. The date of their maturity is an essential element in order to enforce the specific performance of the contract. The question of the maturity of the notes is left to subsequent negotiations between the parties, and courts of equity will not enforce a contract of which any material part has to be settled by future negotiations between the parties. The contract is to that extent indefinite and uncertain, and the specific performance thereof cannot be enforced.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Blaine County;*

*James R. Tolbert, Judge.*

Action by Joseph P. Roetzel against Frank Strack. Judgment for plaintiff, and defendant brings error. Reversed.

·'*Ed Baker, A. L. Bloss, Alexander Marshall* and *Homer N. Boardman,* for plaintiff in error.

*J. P. Wishard,* for defendant in error.

·'RITTENHOUSE, C. This is an action instituted for the purpose of requiring the plaintiff in error to specifically perform the conditions of the following contract, to-wit:

"This contract, made and entered into this 14th day of December, 1910, by and between Joseph P. Roetzel, party of the first part, and Frank Strack, party of the second part, witnesseth: The party of the first part agrees with his wife, Clara Roetzel, to sign, execute, and deliver to said party of the second part a good and sufficient warranty deed to and for the following described real estate to-wit: The northwest quarter of section 24 in township 16 north, of range 12 west I. M., and also the southeast quarter of section 23 in township 16 north, of range 12 west I. M., in Blaine county, Oklahoma, for and in consideration of the sum of fourteen thousand and no/100 dollars, payable as follows, to wit: $3,500 cash in hand, the receipt whereof is hereby acknowledged by party of the first part, and $3,500 on March 2, 1911, and a good and negotiable promissory note for $4,000, signed, executed, and delivered by party of second part, with his wife, Rosen Strack, secured by a first real estate mortgage on the northwest quarter of section 24, in township 16 north, of range 12 west I. M., on March 2, 1911, and a good and negotiable promissory note for $2,000, signed, executed, and delivered by party of the second part, with his wife, Rosen Strack, secured by a first real estate mortgage on the southeast quarter of section 23, in township 16 north, of range 12 west I. M., on March 2, 1911, and a good and negotiable promissory note for $1,000, signed, executed, and delivered by party of second part, with his wife, Rosen Strack, secured by a chattel mortgage on 6 horses and 26 head of cattle, payable in one year, on March 2, 1912. It is further agreed by and between both parties that the said promissory note shall draw interest at 6 per cent. per annum from and after the said March 2, 1911, said interest payable every six months, and a privilege to the said party of the second part to pay all or any part of the principal at any interest paying time. It is further agreed by and between both parties that time is the essence of this contract. * * *"

The plaintiff in error demurred to the petition as follows:

"That the said petition does not state a cause of action against this defendant, nor in favor of the plaintiff. That said petition is too indefinite and uncertain to entitle plaintiff to the relief prayed."

This demurrer was by the court overruled, exceptions were allowed, and the case brought here for review. There are numerous assignments of error presented, but from the view we take of this case it is only necessary for us to determine whether the contract is sufficiently definite and certain to warrant a court of equity to require the specific performance of the same.

It is apparent from a careful reading of this contract that the terms and conditions thereof are indefinite and uncertain as to the date of the maturity of the notes and mortgages in question. How could a court of equity render a valid decree requiring the specific performance of this contract without some clause in the contract showing for what period of time the notes in question were to be given, that is, the date of maturity and the terms and conditions thereof?

In the case of *Burnett v. Kullak,* 76 Cal. 535, 18 Pac. 401, the court said:

"In other respects we think the agreement and complaint fatally defective. To mention one: We suppose a mortgage was to be given for $2,500, part of the purchase price. The language of the agreement, which is not helped by averment, is: '$2,500 on mortgage, as per deed and agreement from Callis (Tom) to Kullak & Winchester.' For how long is the mortgage to run? At what rate of interest? Suppose defendant had made default, how could the court have determined as to the sufficiency of a mortgage under this clause to be given by the plaintiff to entitle him to a deed? Or, what is the same thing, had plaintiff proved all the allegations of his complaint, the court would have been left in the dark as to the terms of the mortgage he was to give.  *  *  * We are of opinion the agreement is too indefinite and uncertain to support a judgment for specific performance, and that the demurrer was properly sustained."

In the case of *McClintock v. Laing,* 22 Mich. 212, the court said:

.. The only terms of the contract stated with certainty in the bill are, that the defendant would secure the complainant the amount then owing to him, by mortgage on the land described. The sum then owing is not stated, nor does any time appear to have been fixed within which the mortgage was to have been made payable, nor in what installment, nor on what interest. * * * To enforce a contract here we must first make one; and we must make it, also, without any such information as would enable us to determine whether the terms we should fix upon would probably have been assented to by the parties respectively or not. * * * But the terms of the understanding as given by complainant clearly show that a credit was understood; but whether for one year or for ten and whether the whole sum was to be paid at one time or in small installments, we are not told. There is no implication of law that can supply this deficiency, and we have no power to supply it ourselves. We are compelled, therefore, to dismiss this claim from further consideration."

In the case of *Schmeling et al. v. Kressei et al.,* 45 Wis. 325, the court said:

"No rule is better established than is the rule that a court of equity will not decree specific performance of a contract unless the terms of the contract are clearly and definitely expressed. If the court is unable from the contract itself, aided by authorized legal presumption, to arrive at a clear result of what all its essential terms are, the contract will not be specifically enforced. 1 Story's Eq. Jur.. Sec. 767; Fry on Specific Performance, Secs. 203, 223, and cases cited in notes. See, also *Blanchard v. McDougal,* 6 Wis. 167 70 Am. Dec. 4581; *Knoll v. Harvey,* 19 Wis. 99; *Tiernan v. Gibney,* 24 Wis. 190. The contract sought to be enforced in this action fails entirely to specify the time when a portion of the purchase money shall become due and payable. It only provides that $1,100 thereof may stand upon the farm. Probably the court could hold that this language requires the purchasers to execute a mortgage upon the land to secure the unpaid balance of $1,100, and might presume that the parties intended that the debt should draw legal interest until paid. Resort may also be had to the deeds. de-

posited in escrow to ascertain the description of the lands, which is not fully given in the contract. See *Campbell v. Thomas,* 42 Wis. 437 [24 Am. Rep. 427]. But we find nothing in the contract, either by reference or otherwise, which will enable the court to say when such balance shall become due, and we know of no legal presumption to aid the court in that behalf. The complaint states the contract to be, that credit was given for a reasonable time. There is no such language in the contract, but the pleader doubtless stated what he considered the legal effect of that instrument. Concede that he has stated it correctly: Does that render the contract any more certain? What is a reasonable time? Is it one month, or one year, or five years? Were the court to fix a time for payment, and decree accordingly, as Judge Story very pertinently remarks in the section above cited, 'it might be guilty of decreeing precisely what the parties never did intend or contemplate.' The contract being to give credit for a part of the purchase money, and the time when the credit should expire and the money become payable not having been fixed by the parties, we think the contract is too uncertain or incomplete to authorize a court of equity to decree its specific performance."

In *Williams et al v. Stewart et al.,* 25 Minn. 516, the court said:

"The agreement is deficient, however, in a very important particular. Courts will not specifically enforce oral contracts to convey real estate, the material terms of which do not clearly appear— will not make contracts for the parties. The agreement here was for the conveyance of the land at the price of $1,153.50, with interest at the rate of 12 per cent. per annum from August 26, 1871; $500 to be paid within one year, upon which the conveyance was to be made, and a mortgage to be given for the remainder of the purchase money. The parties agreed that credit should be given for the remainder, but the terms of such credit, whether it was to be for one, five or ten years, do not appear. That was evidently left for future negotiation. The court cannot supply the omission."

In *Poole v. Tannis,* 137 Wis. 363, 118 N. W. 188, the court said:

"* * * While plaintiff by her complaint demanded the specific enforcement of an oral agreement for a mortgage on the

premises to secure this advancement, it is apparent that the evidence did not establish such an agreement because of the failure of the parties to specify any time when the mortgage was to mature, and be payable. This state of the facts failed to establish a sufficiently certain and definite contract to mortgage the premises, and hence the court could not decree specific performance of it. * * *"

In *Buck v. Pond,* 126 Wis. 382, 105 N. W. 909, the court said:

"A memorandum of a contract for the sale of land, which contemplates a partial cash payment on a certain day, and the giving of credit for the balance of the purchase price, but fails to contain any stipulations as to the terms of the credit and the time of making deferred payments, is so indefinite and incomplete in a material part that specific performance thereof will not be decreed."

See, also, *Potts v. Whitehead,* 20 N. J. Eq. 55; *Nichols v. Williams,* 22 N. J. Eq. 63; *Halsell et al. v. Renfrow et al.,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; *Magee v. McManus,* 70 Cal. 553, 12 Pac. 451.

It is a well-settled principle that specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain. In the instant case the notes and mortgages for $4,000 and $2,000, respectively, were to be executed on March 2, 1911. The date of their maturity is an essential element in order to enforce the specific performance of the contract. The question of the maturity of the notes is left to subsequent negotiations between the parties, and courts of equity will not enforce a contract of which any material part has to be settled by future negotiations between the parties. The contract is to that extent indefinite and uncertain, and the specific performance thereof cannot be enforced.

The written contract is attached to the petition and speaks for itself. If there is room for any question of doubt as to whether the contract is indefinite and uncertain, that doubt is settled by the fact that the allegations of the plaintiff are that the notes were to

be made payable in one year from March 2, 1911, while he argues in his brief that the defendant agreed to pay the notes of $4,000 and $2,000, respectively, on March 2, 1911, clearly showing that the contract in so far as he is concerned, is indefinite and uncertain, in this: That he maintains in one instance that the notes were to be made payable in one year from March 2, 1911, and in the next instance argues that the notes were to be made payable on March 2, 1911.

We therefore conclude that inasmuch as the contract is indefinite and uncertain as to the maturity of the notes, that the trial court could not decree the specific performance thereof, and that the demurrer should have been sustained to the petition. The cause should therefore be reversed.

By the Court: It is so ordered.