## BAILEY v. BROWN et al.

No. 21374. Oct 17, 1933.

Crate Dalton and R. S. Howe, for plaintiff in error.

I. C. Strange, for defendants in error.

RILEY, C. J. This is an action by the plaintiff, Mattie E. Bailey, to cancel and set aside two certain warranty deeds made by E. N. Bailey in his lifetime and while he was the husband of plaintiff. One of the deeds sought to be canceled purported to convey certain lands in Choctaw county, Okla., to defendant W. W. Brown. The other deed purported to convey certain other lands in said county to the defendant J. J. Brown.

The action when first commenced was by Mrs. Mattie Bailey, Mrs. R. B. Moore, Mrs. J. M. Edwards, Jr., Mrs. R. J. Dozier, and Dr. E. B. Bailey. The last four plaintiffs were the children of the said Mattie Bailey and E. N. Bailey. The theory upon which the action was first brought was that the two deeds were made and executed by E. N. Bailey in his lifetime without any consideration and were made for the purpose of defeating and defrauding his creditors, and the deeds were never in fact delivered by E. N. Bailey to the two defendants.

Demurrers to the petition, and an amended petition, alleging substantially the same facts, were sustained and the action was dismissed as to the children of E. N. Bailey, deceased, and the plaintiff Mattie Bailey was granted leave to further amend. Thereafter she filed a second amended petition in which she alleged, in substance, that prior to her marriage to E. N. Bailey in 1900, she was a widow and had accumulated money and property of the approximate value of $40,000; that after her marriage to E. N. Bailey she kept her property and estate separate from that of her husband, E. N. Bailey; that the lands here in controversy were purchased for her by her husband, E. N. Bailey, acting as her agent, and were paid for with her separate money; that all the time during his lifetime she thought and believed that he had taken the title thereto in her name, but in fact title to said lands had been taken in the name of E. N. Bailey, except to some 240 acres, the title to which was taken jointly in the name of E. N. Bailey and Mattie Bailey, and that as to that 240 acres she had paid the entire purchase price, and at all times believed and understood that she had both the legal and equitable title thereto. She then alleged that the deeds of defendants were wholly without consideration and made without her knowledge or consent; that in fact said deed had never been delivered by said E. N. Bailey in his lifetime, and that she never discovered the fact that her said husband had taken the title to any part of the said land in his name or had attempted to convey same to defendants until after the death of her said husband.

Issues were joined on the petition as thus amended, and thereafter a jury was impan-

eled, both parties presented their evidence, and each side moved for an instructed verdict. The court discharged the jury and rendered judgment for defendants. Findings of fact were made relative to the purchase of the lands out of funds belonging to plaintiff, as follows:

"Being well and sufficiently advised in the premises, the court finds that the testimony of the plaintiff is wholly insufficient to establish that this property was bought with the plaintiff's separate estate with the intention and purpose that he, E. N. Bailey, should hold it as a trustee. * * *

"The court further finds that there was not sufficient testimony to trace the separate funds of the wife into said property."

On the question of delivery of the deed the court found that the deeds were executed, put on record and returned to E. N. Bailey and after his death they were found in the trunk of the said E. N. Bailey at the home of Mrs. Brown, the mother of the two boys named as grantees in the deeds; that the presumption of law is that the deeds were delivered. That is to say, they were delivered for the purpose for which they were intended, to wit, to defeat the creditors of E. N. Bailey.

Further findings of fact were made as follows:

"The court further finds that E. N. Bailey did not intend to pass the actual title to the grantees, but that the title was made and put of record by him, the said E. N. Bailey, for the purpose and with the intent to defeat and defraud his creditors."

Judgment was entered dismissing the petition, and plaintiff appeals.

The uncontradicted evidence is that the defendant W. W. Brown was but 16 years of age at the date of the trial and but nine years of age at the time the deed was made to him. The record does not disclose the appointment of any guardian ad litem for him or that any general guardian had been appointed.

The judgment must be reversed for several reasons. The finding of the trial court that there was not sufficient testimony to trace the separate funds of the wife into said property is contrary to the clear weight of the evidence. At the trial the question was raised as to the competency of the plaintiff to testify concerning transactions had between herself and her deceased husband relative to the subject-matter of the action. Objection was made, but the record does not show any ruling thereon by the trial court.

At the time of the trial plaintiff was 76 years of age and rather infirm. She lived in Dallas, Tex., and her testimony was taken by deposition. She was a competent witness to testify concerning many of the matters covered by her deposition, such as the amount of money and property comprising her separate estate at the time of her marriage to E. N. Bailey; the amount of money and property owned by him at the time of said marriage; what, if anything, was accumulated thereafter by him, and the amount of money or other property, if any, she contributed to the purchase price of the property here involved, and how and when it was paid, etc.

The objection as to her competency to testify to any of the matters covered by her deposition was not well taken.

But, aside from her testimony, and rejecting it in whole, there is an abundance of other evidence, entirely uncontradicted, showing almost to a moral certainty that the lands here in controversy were paid for by money and property, the separate estate of the plaintiff, Mattie Bailey. Reference is made particularly to the testimony of Mrs. Jessie Moore and Lola Edwards.

The general rule is that whenever a husband acquires possession of the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him. Waite on Fraudulent Conveyances, 536, quoted with approval in Farmers State Bank v. Keen, 66 Okla. 62, 167 P. 207.

Section 8463, C. O. S. 1921 [O. S. 1931, sec. 11809], provides:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

Furthermore, the record discloses that when 240 acres of the land here involved were purchased in 1913, title thereto was taken jointly in the names of E. N. Bailey and Mattie Bailey. The original deed is in evidence. It is from W. N. Greene and his wife, Hazel Greene. The consideration is $1,-200. The granting clause and description reads:

"Does hereby grant, sell and convey unto E. N. Bailey and Mattie Bailey, the following described real property and premises situated in Choctaw county, state of Oklahoma to wit, the N. W. ¼ and N. ¼ of S. W. ¼ of section (34) township (5) S., range

(20) east, containing 240 acres more or less according to the U. S. survey thereof."

Under the rule announced in Mendenhall v. Walters, 53 Okla. 598, 157 P. 732, if the plaintiff furnished the money for the purchase of this land, she was the absolute owner of an undivided one-half interest therein and the equitable owner of the other one-half. If, on the other hand, the husband furnished all the money, no trust arose in his favor as to the one-half interest conveyed to the wife, but the presumption of law is, in the absence of evidence to the contrary, an advancement or gift was intended.

Therefore, in any event, the plaintiff was the owner of an undivided one-half interest in this 240 acres of land and it is inconceivable that E. N. Bailey, her husband, could, without her knowledge or consent and without any consideration, or even for value, convey good title thereto to the defendant W. W. Brown.

In view of the failure of the record to show appointment of a guardian ad litem for defendants, and particularly the defendant W. W. Brown, no judgment will be ordered here. The judgment of the trial court is reversed and the cause is remanded, with directions to grant the plaintiff a new trial.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS and WELCH, JJ., absent.