# SMITH v. RENEAU.

No. 29589. March 25, 1941.

Rehearing Denied April 15, 1941.

*112 P. 2d 160.*

Norman Barker, of Tulsa, for plaintiff in error.

Bob Perdue, of Wilburton, and Martin & Spradling, of Tulsa, for defendant in error.

BAYLESS, J. A. H. Reneau filed an action in the district court of Latimer county against Mary E. Smith et al., alleging he was the owner and was in possession of certain real estate, and sought to quiet title against the defendants. All defendants disclaimed or defaulted save Mary E. Smith, who appeals from a judgment in favor of plaintiff.

Service was obtained upon defendant by publication, and at the time she first appeared she attacked the regularity and validity of this service, and saved her record when the court ruled against

her. She presents that as error here, but we cannot notice it due to the fact she subsequently filed a cross‑petition wherein she sought affirmative relief for herself. In Smith v. Burt, 150 Okla. 34, 300 P. 748, and other cases under Appearance (Am. Dig.) Key No. 24 (13), it is held that a defendant may defend after a motion to quash has been overruled, but if he goes further and seeks affirmative relief against the plaintiff or other defendants, he waives the error, if any, in overruling the motion to quash and submits himself to the general jurisdiction of the court.

In her answer and cross-petition she (1) denied plaintiff's title; (2) admitted he was in possession, but without legal right; (3) set up a tax deed as the basis of title of his remote grantor, and pleaded its void character; and (4) asserted her title as the residuary legatee and devisee of the allottee, who died testate in the State of Massachusetts. She asked that title be quieted in her.

Plaintiff proved that he had a warranty deed to the property and possession, and rested. The defendant demurred, and when the demurrer was overruled she introduced proof on her own behalf. At the close of her evidence the plaintiff moved for judgment, and this was granted.

Defendant contends that plaintiff's evidence is insufficient to show that he was entitled to relief, and that his showing was less than that required of a plaintiff in an action of this character. She asserts that a plaintiff must recover on the strength of his own title and not on the weakness of the title of his opponents. McMurrough v. Alberty, 90 Okla. 4, 215 P. 193, and other cases.

If defendant had rested on her demurrer and had declined to introduce evidence, her argument might possess greater merit. She introduced evidence relating to her own title, and when she did so, the entire picture was before the court and other legal principles equally as binding came into play.

While it is true that a plaintiff in a quiet title action must rely on his own title, it is not required in every case that he have a perfect title, superior and paramount to all the world. It is only required that he have some legal or equitable title, and that it be superior to that of the defendant. Wilson v. Bombeck, 38 Okla. 498, 134 P. 382; Blanchard v. Reed, 67 Okla. 137, 168 P. 664, and other cases.

Plaintiff was in possession and claimed title by virtue of a warranty deed which rested remotely on a tax deed, and that constituted some estate.

The defendant based her claim of title upon certified copies of a will and certain proceedings in the probate thereof taken in the State of Massachusetts, where her devisor, who was the allottee of the land, died. She made no showing that this foreign will had been recorded in Oklahoma and probated here under our law. Sections 1107 et seq., O. S. 1931, 58 O. S. A. § 51.

The rule is that a foreign will which has not been probated in Oklahoma is ineffectual to show any title or interest in the person claiming thereunder. Bell v. Davis, 43 Okla. 221, 142 P. 1011; In re Douglas' estate, 185 Okla. 25, 90 P. 2d 35, and many cases found in Am. Dig. (West) Wills, Key Nos. 242 and 434.

For this reason the trial court correctly ruled that defendant was a stranger to the title and that the plaintiff's title based on the warranty deed and the quitclaim deed and tax deed back of it constituted a stronger claim of title than defendant had.

Other issues are presented and discussed, but we believe this effectually disposes of the appeal.

Judgment affirmed.

WELCH, C. J., and OSBORN, HURST, and ARNOLD, JJ., concur.