### WOODRUFF v. HEISER.

### No. 3053.

Circuit Court of Appeals, Tenth Circuit.

Aug. 11, 1945.

H. A. Ledbetter, of Ardmore, Okl., for appellant.

Leonard J. Meyberg and Rupert B. Turnbull, both of Los Angeles, Cal. (T. G. Gibson, of Ardmore, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The United States Court for Eastern Oklahoma adjudged Leonard J. Woodruff a bankrupt. Willie Mae Woodruff, wife of the bankrupt, filed in the proceeding a claim against the estate. It was stated in the claim that the exact amount due was unknown. The claimant asked that the bankrupt be required to render an accounting, and permission was sought to amend the claim to conform to the amount determined to be due. M. E. Heiser, another claimant, submitted an application for authority to file objections to the claim. An order was entered granting the application, and the objections were filed. The referee allowed the claim in the amount of $812,176.15. Heiser petitioned for review, and the referee made the usual certificate on review. The district court on review allowed the claim for only $18,000. The claimant appealed from the disallowance of the claim for the amount thereof in excess of $18,000.

. [1] By motion, it is urged that the judgment of the district court be reversed and the order of the referee affirmed. The basis of the motion is that Heiser did not have the right to petition for review of the order of the referee. While one creditor in a proceeding in bankruptcy does not have the absolute right to petition for review of an order of the referee allowing the claim of another claimant which merely affects the estate generally, the court did not err in the exercise of its power to review the order of the referee allowing this claim. Heiser v. Woodruff, 10 Cir., 150 F.2d 867.

Though the evidence relating to the claim was extensive and presented issues of fact, the trial court did not make any formal findings of fact and conclusions of law. It was the duty of the court to make findings and conclusions, in compli-

ance with Federal Rule of Civil Procedure 52(a), 28 U.S.C.A. following section 723c. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L. Ed. 774; Kelley v. Everglades Drainage District, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485. And where the issues cannot be decided satisfactorily on appeal without findings of fact by the trial court, the judgment may be vacated and the cause remanded in order that specific findings may be made. Mayo v. Lakeland Highlands Canning Co., supra; Kelley v. Everglades Drainage District, supra. But where the trial court embodied in its written opinion specific findings on the material issues of fact and set out conclusions on the important questions of law involved, the cause should not be remanded for formal findings and conclusions. Carter Coal Co. v. Litz, 4 Cir., 140 F.2d 934. The written opinion of the trial court presents a clear understanding of the basis of the decision. The issues can be satisfactorily decided on appeal and therefore it is unnecessary to remand the case for the making of formal findings and conclusions.

■ The basis of the claim is breach of trust. The parties were married in 1914. Thereafter, the husband conveyed to the wife by warranty deed a tract of land in Oklahoma. An oil and gas lease covering the land was executed and delivered and oil was developed in 1919. From 1920 to 1930, the wife received large sums of money in payment for royalty oil. During that period, she delivered to her husband or to others at his direction money in various amounts with the understanding and agreement that he would invest or cause it to be invested in stocks and bonds for her benefit. Investments, dispositions, and reinvestments were made from time to time. About $30,000 of the money was used to reduce an overdraft in his bank account. With her consent, he used $23,000 to purchase in his own behalf a ranch and some livestock in Oregon; and with her further consent, he used $600 to pay wages due an employee on the ranch. He was also dealing in securities on his own account. In 1930, he began speculating on the stock market, and he used in that venture most of the stocks and securities which had been purchased with the funds which she entrusted to him. He sustained heavy losses. A claim was asserted for unpaid income taxes and levies were made upon bank balances and securities in his name. The claim was reduced and finally settled.

The district court expressly found that the wife authorized her husband to invest her money in any way which he believed in good faith would be to her best interest; that she knew in a general way how he was handling the money and acquiesced therein; that she knew in 1931 that her securities were being sold to pay income taxes and that she had lost her investments; that all of his cash and securities, and all of hers with the exception of $18,000, were used to relieve him of financial difficulties; and that she did not make any objection until after the institution of this proceeding in bankruptcy in 1939. A review of the evidence would not serve any useful purpose. It is enough to say that the facts proved and the inferences fairly and reasonably to be drawn from them adequately support the findings. Therefore they must stand on appeal.

■ The bankruptcy act prescribes its own criteria for distribution among creditors. A court of bankruptcy is a court of equity. And it is for that court, with appropriate regard for rights acquired under the law of the state, to allow claims, subordinate claims, or reject claims. Prudence Realization Corporation v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293.

■■ There is no room for doubt that under the law of Oklahoma where a wife delivers to her husband money which is her separate property with the understanding that he is to invest and otherwise manage it for her, a trust relation arises. Farmers' State Bank v. Keen, 66 Okl. 62, 167 P. 207; Bailey v. Brown, 166 Okl. 5, 25 P.2d 1088. And the wrongful breach of a trust of that kind by diverting the estate to other purposes would render him liable. But here the wife knew in a general way that the trust property was being diverted to other purposes. She knew that it was being used to discharge the personal liabilities of her husband. And she acquiesced. Certainly the diverting of the trust estate in that manner with her knowledge and acquiescence did not constitute such a wrongful breach of the trust as will sustain this claim in bankruptcy, except to the extent of $18,000, based solely upon wrongful breach of the trust.

The judgment of the district court insofar as it relates to this claim is affirmed.