COOK et al. v. HAHN et al.

No. 32266. March 25, 1947.

*178 P. 2d 894.*

V. P. Crowe and Embry, Johnson, Crowe, Tolbert & Shelton, all of Oklahoma City, for plaintiffs in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendant in error Lelia Hahn Cook.

Tom W. Garrett and Dudley, Duvall & Dudley, all of Oklahoma City, for defendant in error Kathryn Hahn.

DAVISON, V.C.J. This is an appeal by the plaintiffs below from an order of the trial court sustaining demurrers to their petition, as amended, which contained the following allegations: That in 1923 Chester E. Hahn and her husband, Ed L. Hahn, the grandparents of these plaintiffs, entered into a mutual oral agreement for the final disposition of their property, all of which was acquired by their joint industry, wherein they agreed that each should leave all of said property, except a few minor items, at the time of his death, to the survivor during his lifetime, with power of disposition, and what remained, at the time of the death of the survivor, should be held by a trustee for the use and benefit of their daughter, Lelia C. Hahn, and her child

or children, if any. That said Lelia C. Hahn is Lelia Hahn Cook, one of the defendants herein, and the mother of the plaintiffs, who are minors and bring this action by their father and next friend. That in accordance with said agreement said parties executed a joint, mutual and reciprocal will which, upon the death of Chester E. Hahn in 1936, had not been revoked by either party, and was presented for probate by Ed L. Hahn, who served as executor and accepted the benefits thereof, amounting to $38,000 in excess of what he would have received had Chester E. Hahn died intestate, in addition to receiving the income from said property for eight years. That upon the death of the said Chester E. Hahn the title to the property vested in the beneficiaries in said will. That, subsequently, the said Ed L. Hahn, while being in the fiduciary relationship of father, grandfather, and trustee of said beneficiaries, refused to act as such trustee and claimed absolute ownership of the property by virtue of the order of distribution made by the county court in the probate of the Chester E. Hahn estate. That Ed L. Hahn married Kathryn Hahn and executed a purported last will devising the property to Kathryn Hahn and Lelia Hahn Cook, the defendant herein, and that since his death in 1944 the same has been admitted to probate, with Lelia Hahn Cook being appointed executrix. That the order of distribution in the probate of the estate of Chester E. Hahn is void and these plaintiffs are entitled to have the same set aside, to have the trusts under the terms of the joint will decreed, to have a trustee appointed and to have their rights in the property decreed and established. Attached to the petition as exhibits are copies of the joint will, order for hearing petition for its probate, certificate of probate thereof, final account and petition for distribution, order for hearing, notice of hearing and final decree.

The defendants filed demurrers to the petition raising the questions of jurisdiction of the court over the subject matter, sufficiency of the allegations to state a cause of action, and that the alleged cause of action was barred by the statute of limitations.

The pertinent part of the will provides: "The one of us surviving the other is to inherit all property, real, personal or mixed, of the other, . . . If we both die, leaving our daughter, Lelia C. Hahn, surviving, all the property . . . to be thereafter held by the . . . trustee for the use and benefit of such daughter . . ." And then it is provided that when the daughter becomes 40 years old (which she had, prior to the filing of this action), if she has children, one-half of the trust estate is for their benefit.

The petition alleges that there was a mutual contract entered into between Chester E. Hahn and Ed L. Hahn resulting in the execution of the joint will, and that, after his wife's death, Mr. Hahn presented the same for probate and accepted the benefits accruing to him under it, which he would not have otherwise received, prior to any attempt on his part to revoke it.

The petition was, therefore, not subject to demurrer, which, for its purpose, admits the existence of all facts properly alleged. We cite the following cases for the sole purpose of supporting our view that plaintiffs' petition states a cause of action and is not subject to demurrer: Baker v. Syfritt, 147 Iowa, 49, 125 N.W. 998; Notten v. Mensing, 3 Cal. 2d 469, 45 P. 2d 198; Seat v. Seat, 172 Tenn. 618, 113 S.W. 2d 751; Paull v. Earlywine, 195 Okla. 486, 159 P. 2d 556.

If plaintiffs are entitled to recover, it matters not whether they take partly from each of the joint testators directly, which would be contrary to the order of distribution in the Chester E. Hahn estate, or take entirely from Ed L. Hahn, to whom the property was decreed by the county court order. Thus the statute of limitations has no application.

The only other question is that of

the jurisdiction of the trial court over the subject matter.

This action is primarily in the nature of one to enforce specific performance of a contract and to impress the subject matter thereof with a trust, which brings it clearly within the jurisdiction of the district court. It, therefore, differs from Odle v. Baskins, 190 Okla. 664, 126 P. 2d 276, wherein the heirs of a surviving spouse, subsequently deceased, were seeking in the district court to avoid the will of the testator and elect to take under the laws of intestate succession. That case was one exclusively within the jurisdiction of the probate court.

In the case of Rust v. Gillispie, 90 Okla. 59, 216 P. 480, the probate court attempted to impress the lands of the decedent with a trust in favor of the petitioner. Heirs of decedent later brought suit in the district court as owners of the lands alleging that the order of the probate court was void for want of jurisdiction of the subject matter. We there said:

"Not having general equity powers, courts of probate have no jurisdiction over the subject of trusts, or the regulation and control of trust estates; these questions belonging exclusively to courts of equity . . ."

This is recognized in Parks et al. v. Lefeber, 162 Okla. 265, 20 P. 2d 179.

The judgment of the trial court is reversed and the cause remanded, with instructions to proceed in accordance with the views herein expressed.