JONES et al. v. TAUTFEST et al.

No. 34448.    April 29, 1952.

*243 P. 2d 1003.*

Irving D. Ross and David Ross, New-
kirk, and John Drennan and Ellis Eddy,
Medford, for plaintiffs in error.

Rodgers & Gurley, Blackwell, for de-
fendants in error.

PER CURIAM. This is an action for
specific performance of an alleged oral
contract. Plaintiffs in error were plain-
tiffs below and defendants in error were
defendants below. For convenience the
parties will be referred to as they ap-
peared in lower court. At the close
of plaintiff's testimony, the district
court sustained defendants' demurrer to
plaintiffs' evidence. From this decision
plaintiffs have perfected their appeal
to this court.

The evidence offered by plaintiffs was
as follows: Plaintiffs in this case are
the children of Alice Jones and grand-
children of W. H. Doran. At the time
of the death of W. H. Doran he left
two daughters, Alice Jones and Nida
Mae Crump. The farm in question was
conveyed by deed from W. H. Doran
to Nida Mae Crump, dated June 6, 1940,
and filed May 14, 1941, after the death
of W. H. Doran, who died on May 8,
1941. Thereafterwards, on May 21, 1946,
Nida Mae Crump made a joint tenancy
deed, deeding the property to herself
and her husband, John Louis Crump,
which deed was duly recorded on May
27, 1946. Thereafterwards, on Septem-
ber 28, 1946, Nida Mae Crump died.

In October 1946, John Louis Crump
commenced an action in county court
of Kay county, Oklahoma, for deter-
mination of death of joint tenant and
caused notice to be served on Alice
Jones; that at her request, her husband
contacted John Louis Crump and as
a result of certain conferences it was
orally agreed by John Louis Crump
that if no appearance or interference
was made at the hearing, he would will
the farm involved to the children of
Alice Jones, the plaintiffs herein; that
none was made by the Jones family
at the determination proceedings and
thereafterwards, in the Spring of 1947,
Crump died, at which time it developed
that he had willed the property to the
defendants herein, to the exclusion of
plaintiffs.

No question was raised in the court
below by plaintiffs regarding title to
the property being in Nida Mae Crump

prior to the execution of a joint tenancy deed by her to herself and her husband, John Louis Crump, nor was any evidence introduced attacking her title. It was agreed by the parties that the issues be confined to the alleged oral contract.

For reversal, plaintiffs argue four propositions: (1) the defendants' demurrer to the evidence admits all the facts; (2) the effect of the termination proceedings; (3) that the statute of frauds has no application to this case; and (4) that oral contracts to devise property are specifically enforceable.

The rule which has been laid down in this state, with which the parties seem to be in agreement, is that an oral contract to devise real property may be specifically enforceable under certain circumstances, notwithstanding the statute of frauds. Bahnsen v. Walker, 89 Okla. 143, 214 P. 732; 49 Am. Jur., Statute of Frauds, §§215 and 518. In Kinnett v. Goodno, 170 Okla. 620, 41 P. 2d 824, syllabus pars. 6 and 7 state:

"Whether equity will decree the specific performance of a contract rests in judicial discretion and always depends upon the facts of the particular case. As a rule when a definite contract to leave property by will has been clearly and certainly established, and there has been performance on the part of the promisee, equity will grant relief, provided the case is free from objection on the grounds of inadequacy of consideration and there are no circumstances or conditions which render the claim inequitable.

"Before a court of equity will specifically enforce an oral contract to devise property, the proof of the contract must be so cogent, clear and forcible as to leave no reasonable doubt as to its terms and character."

See, also, Paull v. Earlywine, 195 Okla. 486, 159 P. 2d 556; Robinson v. Haynes, 147 Okla. 95, 294 P. 803; Pancoast, Adm'r, v. Eldridge, 134 Okla. 247, 273 P. 255.

The weight which a court of equity will give to the evidence relied upon to establish such a contract, and the degree of proof required, are stated in Pancoast, Adm'r v. Eldridge, supra, citing 36 Cyc. 692, as follows:

"The rules as to the weight of evidence are applied with the utmost strictness to oral contracts to devise the whole part of an estate. Such contracts are viewed with suspicion by the courts, and must be established by the clearest and most convincing evidence. In these, as in other contracts, one party to which is deceased, the defendant heirs or devisees are under the disadvantage that they are deprived by his death of their most important testimony. In such contracts the proof, in addition to inferences from the situation, circumstances, and relationships of the parties, must generally consist of evidence of favorable declarations made by the deceased to third persons. This is a kind of evidence which the law recognizes as weak and unsatisfactory, and to be scrutinized with care."

See, also, Khoury v. Barham, 85 C. A. 2d 202, 192 P. 2d 823; 49 Am. Jur., Statute of Frauds, §622; Strack v. Roetzel, 46 Okla. 695, 148 P. 1017; and Heldt v. Heldt, 118 Okla. 103, 246 P. 608.

In our opinion, the rules of evidence required to establish an oral contract to devise real property should be more strictly construed than those dealing with other cases involving oral contracts to convey real property, for the reason that one party to this type of agreement is deceased. We feel that in this case, plaintiffs have failed to establish by the clearest and most convincing evidence a right to recover. In addition there is no consideration for the alleged oral contract.

Plaintiffs rightly contend that forbearance from suit is valid consideration for a contract under 15 O. S. 1951 §106, and in support thereof, rely heavily upon the holding in Rice v. Young, 200 Okla. 416, 194 P. 2d 882, wherein this court stated:

"A doubtful or disputed claim honestly and in good faith asserted, arising from a state of facts upon which a cause of action can be predicated and

concerning which an honest controversy may arise, is sufficient to constitute a good consideration for a contract of compromise and settlement, although it may subsequently develop that such claim was unfounded."

The Rice case, however, involved forbearance from contesting a will while the instant case involves forbearance from appearing at or "interfering in any way" at the determination proceedings.

Assuming that there was a controversy over the rightful ownership of the property between the Jones family and the Crump family, the probate court was not the proper tribunal nor was a determination of death the proper action in which to settle such a dispute.

58 O. S. 1951 §911, in part, provides for notice to be given to "all persons claiming any right, title or interest in or to be the real estate" which is the subject of a determination action. It provides further that upon hearing the evidence and proof of death, the probate court "shall make and enter an order and decree determining the fact of the death of such . . . joint tenant . . ., and the termination of the . . . joint tenancy."

There is no contention by plaintiffs that the determination action herein had any purpose other than to determine the death of Nida Mae Crump and to terminate her joint tenancy with her husband, John Louis Crump. There is no contention by plaintiffs that they could have prevented the determination of death or termination of joint tenancy, if they had appeared and interfered at the hearing. What detriment, then, did plaintiffs or their parents, Alice and Paul Jones, suffer by forbearing to appear at the hearing? We think none.

The mere giving of notice to Alice Jones of the determination hearing conferred no special rights upon her, which, if she refrained from exercising, might serve as adequate consideration for the purported oral contract.

In the case at bar, the demurrer to plaintiff's evidence will be treated as a motion for judgment inasmuch as equitable cognizance is sought herein. Hollis v. Hollis, 197 Okla. 524, 172 P. 2d 999; Penny v. Vose, 108 Okla. 103, 234 P. 601, wherein this court held:

"In an equity case where the defendant has demurred to the testimony of the plaintiff and the court has rendered judgment for the defendant after weighing the evidence, the judgment of the trial court will not be reversed unless against the clear weight of the evidence."

It is our opinion that the alleged oral contract failed for lack of consideration; that the demurrer of defendants should be treated as a motion for judgment; that the judgment of the trial court is supported by the evidence, and it is, therefore, affirmed.

This court acknowledges the services of Attorneys H. L. Douglass, Chas. E. Dierker, and Duke Duvall, who as Special Masters, aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.