**Miriam YELDELL, Plaintiff in Error,**

**v.**

**Beulah H. MOORE, individually, and Beulah H. Moore, as Executrix of the Estate of J. P. Moore, Deceased, et al., Defendants in Error.**

**No. 35756.**

Supreme Court of Oklahoma.

Oct. 5, 1954.

Ryan Kerr, Altus, for plaintiff in error.

Robinson & Oden, Altus, for defendants in error.

WELCH, Justice.

The plaintiff prayed judgment against the defendants that she be declared the owner of an undivided one-half interest in certain described real estate and that her title thereto be quieted against any claims of the defendants.

A demurrer to the plaintiff's petition was sustained and, with announcement of the

plaintiff that she would not plead further, judgment was entered for the dismissal of the suit.

In appeal, the plaintiff contends the court erred in sustaining the demurrer to the plaintiff's petition.

The plaintiff relies upon statements in the petition of a substance as follows: That the plaintiff is the sister and next of kin of Louella Moore, nee Walk, deceased, and formerly a sister-in-law of J. P. Moore, deceased; that the described real estate was purchased by J. P. Moore and Louella Moore, husband and wife, out of their separate funds and thereupon each owned an interest in the real estate as their separate property; that the legal title to the property was taken in the name of J. P. Moore, but both J. P. Moore and Louella Moore had acknowledged that Louella Moore owned an undivided one-half interest in the property as her separate property; that the said parties agreed between themselves and expressed their mutual intention that in the event of the death of Louella Moore the plaintiff would be the owner of an undivided one-half interest in the property, that Louella Moore executed an holographic will in terms devising an interest in the property to the plaintiff, which will was delivered to J. P. Moore; that after the death of Louella Moore the said will was either lost or destroyed by J. P. Moore, and said will has not been probated; that after the death of Louella Moore the said J. P. Moore told the plaintiff of an agreement between himself and Louella Moore that plaintiff was to have her one-half interest in the property and that it was the intention of the said J. P. Moore to see to it that the terms of his said agreement with Louella Moore were carried out; that thereafter J. P. Moore made a will of terms devising to the plaintiff an undivided one-half interest in the property; that thereafter and at a time then unknown to the plaintiff, the said J. P. Moore revoked the aforesaid will; that after the death of J. P. Moore the plaintiff learned that he had left a will in terms devising all right, title and interest in the aforesaid property to the parties herein named as the defendants; that the said last mentioned will is now a subject of probate proceedings in county court.

The plaintiff asserts the foregoing state of facts in pleading show that J. P. Moore held an undivided one-half interest in the real estate in trust for the plaintiff at the time of his death, and accordingly a cause of action is stated in favor of the plaintiff and against the defendants, claimants of the property under the will of J. P. Moore.

The gravamen of the plaintiff's suit was to quiet title to an interest in the real estate described in her petition, or more particularly, to establish that an undivided one-half interest in the real estate was held in trust for the plaintiff by J. P. Moore until his death, and to quiet the plaintiff's title to said one-half interest against the devisees of J. P. Moore.

Assuming, as urged by the plaintiff, that the facts in pleading are sufficient to show that at one time J. P. Moore, the record owner of the property, was holding a one-half interest in the property in trust for his wife, Louella Moore, and as her separate property, such is immaterial unless there are facts in pleading to show that such trust estate passed to the plaintiff.

It is elementary that to state a cause of action to quiet title to real estate the petition must recite facts to show the plaintiff is the owner of some right, title, or interest in the property. The weakness or nature of the claim of others, who are named as defendants, is a matter of secondary consideration.

With J. P. Moore and Louella Moore the joint owners of the real estate in full agreement that the plaintiff should have an interest in the land, such agreement would not constitute a valid conveyance relating to the real estate or any interest therein, or create a trust in the land in favor of the plaintiff in the absence of a writing signed by the said J. P. Moore and Louella Moore. 16 O.S. 1951 § 4. Nor would their expressed intention of a disposition of the property to take effect upon their death be effectual unless properly declared in writing.

"It is an established rule that intended disposition of property of a testamentary character, and not to take effect in the testator's lifetime, is inoperative, unless declared in writing in conformity with statutory regulations regarding devises and bequests." Louthan v. Johnson, 111 Okl. 170, 239 P. 173.

In the plaintiff's petition certain unprobated wills are mentioned, but until such wills are duly admitted to probate the plaintiff can have no rights thereunder to enforce. In the instant case the district court is without power to admit the wills to probate and until the said wills are admitted to probate they are wholly ineffectual to show title to real estate. See, Smith v. Reneau, 188 Okl. 629, 112 P.2d 160.

The exclusive original jurisdiction of probate matters is in the county court and the jurisdiction of the district court in such matters is appellate only. Okl. Constitution, Art. 7, §§ 12, 13; 58 O.S. 1951 § 1.

We find no facts in pleading to show that plaintiff is the owner of any right, title or interest in the lands, the subject of the plaintiff's suit. Accordingly, we hold that the demurrer to the plaintiff's petition was properly sustained.

The judgment for dismissal of the action is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, and DAVISON, JJ., concur.

ARNOLD, WILLIAMS and BLACKBIRD, JJ., dissent.

BLACKBIRD, Justice (dissenting).

I cannot agree with the views of the majority. In upholding the trial court's judgment sustaining defendant's demurrer to plaintiff's petition, it seems to me that this Court has not only misconstrued the facts alleged in said petition and misapplied the law applicable thereto, but in effect has anticipated and prejudged plaintiff's evidence before it has been introduced.

As I read plaintiff's petition, J. P. Moore and his wife, Louella had not only "acknowledged" that the latter owned an undivided interest in the subject real estate as her separate property (as stated in the majority opinion), but soon after their marriage they *agreed* that any such property purchased during their marriage would be taken in Mr. Moore's name, but that Louella's interest would be held by him for her benefit, and, upon her death, would go to their children, if any; that it was in accord with this agreement that Louella contributed her separate funds to the purchase of the subject real estate. According to plaintiff's petition, the Moores thereafter had one child, who died, and after his death they agreed that Louella's interest in the property would thereafter be held in trust by Mr. Moore for plaintiff, with the understanding that he would have the use and benefit of the entire premises during his lifetime, but upon his death, his said wife's undivided interest therein would go to plaintiff. It was pursuant to this agreement that the wife, Louella, then made and delivered to her husband, J. P. Moore, her holographic will that devised her undivided one-half interest in the property to plaintiff, subject to a life estate in her said husband. When Louella died she had never revoked this will and it was shortly thereafter that Mr. Moore communicated with plaintiff about his agreement with his deceased wife and promised her that he was going to see that said wife's wishes and his agreement with her were carried out. I think this statement supplementing the Majority's meager disclosure of the petition's allegations of facts is important to show the entire situation existing just before and after Mrs. Moore's death, and to show the following: (1) That she died with her husband having led her to believe that he would respect her wishes and do his part in carrying out their agreement, she having performed her part (insofar as humanly possible) by willing to him the continued use of the property during that part of his life after her death (which was the consideration for his promise to leave it to her sister, the plaintiff, at his death); (2) That by his assurance to plaintiff that his agreement with Louella would be carried out, Moore lulled plaintiff into believing

it was not necessary for her to see that her sister's holographic will was probated or, as third party beneficiary of the couple's agreement, to take any other steps to obtain its enforcement or the discharge of his obligation thereunder. Also, from the above additional facts and permissible inferences to be drawn therefrom, I think it plain that there was created between Moore and his wife a good and valid trust agreement, of which plaintiff was the beneficiary or cestui que trust, and which was partially performed. When Moore died, having had the use of Louella's half interest therein throughout his life after her death, he had fully received the entire consideration that was to accrue to him under the agreement. In secretly (as far as plaintiff was concerned, if her allegations are to be taken as true) breaking that agreement and willing the property to his second wife, Beulah (and it can be assumed that as he enjoyed the use and benefit of his first wife's share of the property throughout his life with Beulah that she also benefited either directly or indirectly therefrom) plaintiff was, in effect, defrauded. The trust and Moore's unfaithfulness to it, which worked the fraud on plaintiff and deprived her of a property interest rightfully hers and so intended by her sister, Louella, its true owner, is the real gravamen of plaintiff's alleged cause of action. In other words, her action was based upon a partially performed oral agreement for testamentary disposition, the remainder of whose terms she sought to have performed, *rather than being based upon any will*. This is the reason that the principle that one can derive no interest in real estate through an unprobated will accorded decisive effect and importance in the majority opinion, and for which Smith v. Reneau, 188 Okl. 629, 112 P.2d 160, is cited therein, has no application to the present case.

True an agreement for the testamentary disposition of real estate, like an agreement for the sale of it comes under the Statute Of Frauds (Tit. 15 O.S. 1951 § 136, par. 5, rather than Tit. 16, sec. 4, cited in the majority. See 49 Am.Jur. 817) as said in Louthan v. Johnson (cited in the majority) and, under such statute, must be in writing to be "operative" or enforceable, but, as inferred in that case, any such valid agreement, as in the case of contracts for the sale of real estate, can be taken out from under the operation of said statute by partial performance. Jones v. Tautfest, 206 Okl. 380, 243 P.2d 1003; 15 Am.Jur. 539. In Louthan v. Johnson it was necessary neither in the syllabus nor body of the Court's opinion to specifically recognize the important limitation on the statute's operation to which I refer because the property involved was not jointly acquired and the Court not only found, on the basis of the evidence, that Adeline Louthan and her husband never entered into a contract, but that there was no consideration therefor.

As pointed out in Ewert v. Jones, 8 Cir., 255 F. 688, when a transfer of real property is made to one person and the consideration is paid by another the Statute of Uses and Trusts, Tit. 60 O.S. 1951 § 131 et seq., may apply and the rights of the parties be determined from the facts showing their intention, without regard to the formal requisites of contracts enforceable under the statute of frauds. The principles incorporated in our Statute of Uses and Trusts, supra, have frequently been applied to purchases by a husband with his wife's separate funds. See Bailey v. Brown, 166 Okl. 5, 25 P.2d 1088; Exchange Trust Co. v. Godfrey, 128 Okl. 108, 261 P. 197, and Simpson v. Drake, 90 Okl. 263, 217 P. 366. And they protect the rights of third persons who may be beneficiaries or cestui ques under an agreement between the two, as well as the rights of the contracting parties, themselves. The equitable principles involved have frequently been applied to the enforcement of oral contracts to make joint, mutual and reciprocal wills, Cook v. Hahn, 198 Okl. 364, 178 P.2d 894, and of a decedent's agreement to leave property to another as compensation for his services. See authorities cited in York v. York, Okl. Sup., 270 P.2d 656.

Of course, in the present case, if the demurrer to plaintiff's petition had not been sustained, she might not, in view of her allegations concerning the loss and destruc-

tion of Louella Moore's holographic will, have been able to muster the convincing evidence needed to prove this type of contract. See Jones v. Tautfest, supra, and 49 Am.Jur., "Statute of Frauds", sec. 315, Note 12, and sec. 330, Note 18. Nor might she have been able to muster the character of proof necessary to have proved it under the Statute of Uses and Trusts, supra, but the Court cannot indulge in speculation concerning such evidentiary matters in ruling upon demurrers to pleadings. To me, it is clear on the basis of the foregoing authorities and many others, that plaintiff's petition states a cause of action on contract or as beneficiary of a trust agreement between her deceased sister and brother-in-law. Under our liberal system of pleading, the trial court should have overruled the demurrer, if on the basis of such alleged facts, plaintiff was entitled to recover on any theory, Detwiler v. Duncan, 199 Okl. 189, 185 P.2d 200, especially since no attempt had been made to require her to indicate upon what particular theory her action was based.

The application of the rule broadly stated in the 3rd paragraph of the syllabus of Louthan v. Johnson, supra, to the facts alleged in this case will set a dangerous, unjust and incorrect precedent; and such rule, if the limitations of its proper application are not recognized, will make it practically impossible in the future to state a cause of action for enforcement of an oral contract such as is here involved. That such contracts are enforceable by court action has never been denied in this jurisdiction as evidenced by the cases I have cited. If plaintiff's allegations are true (as they must be assumed to be for the purpose of ruling on the demurrer) she has a right to the property interest involved. And, to my knowledge, this is the first time that any of our courts of last resort have ruled that where there is such right, there is no remedy.

For the foregoing reasons, I dissent.

I am authorized to announce that ARNOLD and WILLIAMS, JJ., concur in my dissenting views.