Pearl Hursey **CARTER** et al., Plaintiffs in Error,

v.

Roy Douglas **FOOTE**, Defendant in Error.

No. 38775.

Supreme Court of Oklahoma.

Feb. 21, 1961.

Rehearing Denied April 18, 1961.

O. A. Cargill, Jr., and James R. Eagleton, Oklahoma City, for plaintiffs in error.

Glenn O. Young, Young, Young & Young, by David Young, Sapulpa, for defendant in error.

WILLIAMS, Chief Justice.

On January 24, 1958, Roy Douglas Foote, hereinafter referred to as plaintiff, filed in the trial court an action to quiet title to an undivided ¼th interest in and to the oil, gas and other minerals in and under certain described land. He alleged that he acquired title by testamentary disposition from his first wife, Beatryce Brown Foote, who died in 1948; that she had acquired title by intestate succession from her father, John Benjamin Brown, who died in 1942.

The defendants therein included brothers and sisters of Brown's widow. They are hereinafter referred to as defendants. They filed an amended special appearance and denial of jurisdiction. This set out that Brown died testate; that the County Court of Oklahoma County had admitted his will to probate which judgment was affirmed by the District Court; that the matter was on appeal to the Supreme Court of Oklahoma; that the trial court did not have jurisdiction to entertain the action. The trial court overruled such plea of defendants.

In their answer defendants again pleaded the will; that the widow who died intestate in 1954 was the sole devisee; that under and by virtue of 84 O.S.1951 § 257, the trial court did not have jurisdiction.

Plaintiff in his reply stated that the matter of the admission of Brown's will to probate was on appeal to the Supreme Court; that the will devised an undivided ½ interest in the property involved herein to Brown's daughter. Before any evidence was introduced, defendants moved that the trial court hold the matter in abeyance because of pendency of the appeal in the Supreme Court of the admission of the will to probate. The trial court reserved a ruling until the conclusion of the taking of the testimony. Trial was had to the court. The evidence was in line with the allegations of the pleadings.

At the conclusion of the testimony defendants' attorney stated: "Come now the defendants Carter and Hurseys and move the court to enter a judgment on behalf of these defendants for the reason and upon the grounds the evidence conclusively fails to show any cause of action upon which the plaintiff could predicate any relief for the reason that it conclusively shows that the defendant would be entitled to have this action abated, or at least held in abeyance until the determination of the probate appeal in the Supreme Court of Oklahoma." The trial court overruled this motion and defendants excepted.

The judgment quieted title in plaintiff to a ¼th undivided interest in and to the oil, gas and other minerals in and under the land involved. In its judgment the trial court said it was necessary to assume the instrument was a will and to construe same as it affected the title to the property in controversy.

Defendants urge three propositions for reversal. They are: Exclusive original jurisdiction of probate matters is in the county court; that 84 O.S.1951 § 257 is not applicable; and the will must be construed according to the intention of the testator and of two modes of interpreting the will that which prevents a total intestacy must be preferred.

Plaintiff argues that the district court has inherent power to determine facts in any litigation before it; that 84 O.S.1951 §

257 is applicable; and that the judgment is sustained by the undisputed evidence and is conformable to the law. Under the latter point he argues that defendants through counsel argued in the county court that the daughter shared equally with her mother under the will; that on its face the will shows the daughter was not disinherited and that defendants' claim is barred by limitations.

Plaintiff in his pleadings (petition and reply to defendants' answer) claims that title to the mineral interests here involved passed from J. B. Brown by the will herein involved to Brown's daughter and from her to himself.

> "The exclusive original jurisdiction of probate matters is in the county court and the jurisdiction of the district court in such matters is appellate only. Oklahoma Constitution, Art. 7, §§ 12, 13; 58 O.S.1951 § 1." Yeldell v. Moore, Okl., 275 P.2d 281, 283.

Plaintiff argues that title 84 O.S.1951 § 257 is applicable in that Brown in his will does not set forth his daughter's name. In part, the will is as follows:

> "By this will I leave all wea(1)th, property, Real Estate and chattels to my beloved wife Medora M. Brown and to my daughter my love and property of no value to my wife for all time and eternity."

The pertinent provisions of the statute are:

> "Where any person dies intestate possessed of real property in this State, or dies having devised pursuant to the law of this State any real property in this State, in terms to 'heirs,' 'relations,' 'nearest relations,' 'representatives,' 'legal representatives,' 'personal representatives,' 'family,' 'issues,' 'descendants,' 'nearest of kin,' or to persons by any other description or designation which leaves at large the names or individual identity of the particular person embraced therein, * * * the name and individual identity of each and all the persons who take or were entitled to take such real property and the proportion or part thereof which each takes or was entitled to take, immediately under such testamentary devise, or grant, or the law of succession, may be judicially determined and jurisdiction thereto invoked in the manner following: In any action which relates to or the subject matter of which is such real property, or for the determination in any form of any interest, right, title or estate therein * * *."

It is to be noted that the instances provided for in section 257, supra, when the heirs of deceased testators may be determined in district court actions more than three years after their respective deaths are those in which the will leaves at large the names or individual identity of the particular persons embraced therein.

In the case of Homer v. Lester, 95 Okl. 284, 219 P. 392, 401, referring to this statute we said:

> "It makes provisions for cases where a man dies intestate leaving property to a class such as nearest kin or heirs at law without naming them, and authorizes the district courts to judicially determine who the heirs are and what interest and right and title each acquires."

The use of the word "embraced" is significant in the phrase "or to persons by any other description or designation which leaves at large the names or individual identity of the particular person embraced therein."

■ It is to be noted that decedent Brown by his will said "all wea(1)th, property, Real Estate and chattels to my beloved wife Medora M. Brown and to my daughter my love and property of no value to my wife for all time and eternity." His daughter, Beatryce, was identified by the term "my daughter". She was the only person in the world fitting that classification.

Title 84 O.S.1951 § 168 provides as follows:

"A testamentary disposition to 'heirs,' 'relations,' 'nearest relations,' 'representatives,' 'legal representatves,' or 'personal representatives,' or 'family,' 'issue,' 'descendants,' 'nearest,' or 'next of kin,' of any person, without other words of qualification, and when the terms are used as words of donation, and not of limitation, vests the property in those who would be entitled to succeed to the property of such person according to the provisions of the article on succession in this chapter."

This section includes all the classes enumerated in 84 O.S.1951 § 257, and in addition decedent's "next of kin". Evidently the legislature intended by sec. 257, supra, passed subsequently to enactment of section 168, supra, that the district court in a proper case could determine only those heirs who took by succession or under a will leaving at large the identity of the devisees.

In the case of Yeldell v. Moore, Okl., 275 P.2d 281, 283, supra, we said:

"In the plaintiff's petition certain unprobated wills are mentioned, but until such wills are duly admitted to probate the plaintiff can have no rights thereunder to enforce. In the instant case the district court is without power to admit the wills to probate and until the said wills are admitted to probate they are wholly ineffectual to show title to real estate. See, Smith v. Reneau, 188 Okl. 629, 112 P.2d 160."

In the above case, the certain unprobated wills mentioned, purportedly devised property to a certain individual and not to "heirs", "relations", "nearest relations", or other group or class which left at large the names or individual identity of the particular person embraced therein as set forth in Title 84 O.S.1951 § 257, as in that case the identity of the devisees was not left at large, neither was it in the case at bar.

It is perhaps apropos to call attention to our recent opinion affirming action of the District Court of Oklahoma County in turn affirming the action of the County Court of such County in admitting the will herein

involved to probate. See Foote v. Carter, 357 P.2d 1000.

In the instant case there was neither allegation nor proof of facts showing that plaintiff is the owner of any right, title or interest in the land in controversy except through Brown and his daughter, plaintiff's wife. We therefore hold that the trial court had no jurisdiction to determine the devisees under a will identifying such devisees specifically, until the probate appeal had been decided by this court and only then if probate of will should be denied.

The trial court was advised by the pleadings of the parties and the evidence introduced at the trial that proceedings were pending to probate J. B. Brown's will; that it had been admitted to probate; that it did not by its terms leave the identity of Brown's devisees at large; that successive appeals had been taken but not finally adjudicated. We determine that such showing was a sufficient indication to the trial court of its want of jurisdiction to proceed. The trial court upon such showing should have stayed further proceedings pending final determination of the contest between the parties as to admission of the will to probate. We determine that defendants' motion to have the action stayed should have been sustained by the trial court.

The facts in the instant case serve to distinguish it from our recent decision in Dowell v. Powers, 357 P.2d 954. Therein we held in effect that the district court might more than three years after their respective deaths, in a suit under section 257, supra, determine the heirs and proportion of estate by them respectively taken and quiet title to real estate of intestate deceased persons, but that with a probate proceeding properly pending wherein certain unliquidated claims were pending awaiting action, such court might be prohibited from ordering partition. No will of any character was there involved.

Having determined that the trial court should have stayed the action when advised of pendency of proceedings to probate will, which specifically identified the

devisees thereunder, further treatment of defendants' propositions of error and of plaintiff's argument based upon his petition and reply is not deemed necessary.

Reversed.

BLACKBIRD, V. C. J., and HALLEY, JOHNSON and BERRY, JJ., concur.

DAVISON, JACKSON and IRWIN, JJ., concur in result.